OCHELTREE V. CARL.

1. **Instructions: ERROR WITHOUT PREJUDICE.** The giving of an erroneous instruction which works no injury to the party complaining, is error without prejudice.

2. —— **INAPPLICABLE INSTRUCTION.** There is no error in the refusal of instructions which, though containing correct abstract propositions of law, are inapplicable to the facts of the case.

*Appeal from Ceder District Court.*

FRIDAY, DECEMBER 13.

THIS is the case of a tenant suing his landlord for damages sustained by the trespassing animals of the latter. A recovery of $177,43 was had, and the defendant brings the cause here to have certain rulings of the court trying the same, reviewed.

*Cook & Drury* with *H. C. Piatt* for the appellant.

*Wolf and Landt* for the appellees.

LOWE, Ch. J. — The evidence under which this case was put to the jury, shows the general features of the same, upon the facts, to be about as follows :

The defendant owned a large farm under one inclosure without division fences, a part of which he occupied and cultivated. Forty-nine acres thereof, more or less, he rented to plaintiff, who cultivated the same in corn, and was to have therefor two-thirds of the crop, and the defendant one-third. The crop was an average one for that year, say thirty-five bushels to the acre, worth from thirty to forty cents per bushel. These figures would make the aggregate crop 1715 bushels, and the plaintiff's share 1143 bushels, but he was able to gather and save only 419 bushels. The balance of the crop was destroyed

mainly by the defendant's stock. The plaintiff's loss in corn, by this calculation, was 724 bushels, the average market price of which, under the evidence, was thirty-five cents per bushel, making $253.40.

The jury in their verdict awarded plaintiff $177.43; the residue of plaintiff's loss was applied, it may be, on the defendant's set-off, or as the defendant's set-off was not very well established, it is not improbable that the verdict was thus reduced below the actual damage on account of trespass committed by animals other than the defendant's.

At the trial, the plaintiff and defendant both gave evidence.

The former testified, in substance, that in August, about roasting-ear-time, the defendant turned into the corn his colts, calves and sheep; a little later he turned in some seventeen or eighteen fattening hogs and some shoats; afterward his horses and cattle; plaintiff counted sixty-four head of defendant's stock in at one time. He remonstrated against this, defendant confessed he had turned them in, that he wanted them well filled, that he did not want to wrong any man, and would pay for it, etc. It was in evidence that other stock was in for a short time, on account of the insufficiency of the fence, which the plaintiff declared, under the contract, the defendant was to keep in repair.

The defendant's testimony was very brief. He said when he leased the ground to the plaintiff, nothing was said about the fences. He loaned the plaintiff twenty-five dollars, which he had not paid; stated some other matters about his set-off, but did not deny or controvert in his testimony the facts testified to by plaintiff in regard to turning in his stock upon the plaintiff's corn and destroying the same, nor does the other testimony change the essential character of these facts. Which of the par-

ties was to keep the fence in repair does not become very material, in view of the above admitted facts.

We are invoked to consider the action of the court as it relates to the instructions of the jury, and the overrul-

1. INSTRUC- ing of the motion for a new trial, which had
TIONS: error been filed, for that the verdict was against
without preju-
dice. evidence and law, and because the damages allowed were excessive. For neither of these reasons is it our opinion that the court erred in overruling the motion. Again, the second, third and seventh instructions of the court to the jury are the subject of complaint. The two first relate to the agreement or supposed agreement about keeping the fences in repair. We discover no bad law in them, and if there was, it would have been error without prejudice, for the reason that the evidence shows that the damage which the plaintiff sustained from the defendant's stock was not the result of a bad fence but from the willful turning in of the trespassing animals by the defendant.

The defendant took exceptions to the court's refusal to give his third, fourth, sixth, seventh and eighth instruc-

2. —— inappli- tions. The two last of them related to
cable instruc-
tion. defendant's set-off, concerning which, no question of law had been raised, and about which the court had already in its own charge said all that was needful. Another, the third, had reference to the defective fence, and was immaterial, having been mainly laid out of the case by the testimony, because the damages sought to be recovered in plaintiff's petition, were for trespasses committed by defendant's stock, and not that of others, and these did not get in by reason of the defective fence, but according to the clear weight of the testimony, were turned into the cornfield by the defendant himself.

As to the fourth and sixth instructions, a state of case might arise where the same would become good law, but

under the facts of this case, they were out of place and were properly withheld from the jury. Under the evidence embodied in the record, to our minds, it is quite improbable that a result more favorable for the defense would ever be reached, and the case will stand

Affirmed.