## Meredith v. Kennard.

1. VERDICT. A verdict which finds two inconsistent facts, is void, and cannot be the foundation of a legal judgment.

2. ——. The verdict must respond to all the material issues between the parties.

3. ——. Cases may occur, when a general verdict alone will be a substantial response, to the issues taken by special matters set up in the pleadings.

4. CHARGE.' When the court gives to the jury instructions not required nor called for by any evidence adduced in the cause, and it appears that such unnecessary instruction mislead the jury in its consideration of the facts of the case, the judgment will be reversed.

5.· ——. If an erroneous charge be given on an abstract proposition, or on a point not in the case, and the verdict is supported by proof in the cause, the judgment will not be disturbed.

McCready, being insolvent, made a deed of assignment of all his property to Meredith, in trust for his creditors. He was largely indebted to Kennard shortly before he made the assignment. Thomas P. Kennard, a brother and attorney of the creditor, applied to McCready to secure his debt. After considerable negotiations, McCready gave to the attorney three notes for $1,000 each, made by McMurphy to McCready's order, and by him indorsed. The attorney having delivered these notes to his principals, they retained the same, and at the same time proceeded to enforce their debt by judicial process. Thereupon, the assignment was made, and Meredith, as assignee, brought this action. It was brought as an action of replevin for the possession of the notes. But the sheriff, not having obtained possession of the property on the writ, the action was prosecuted for damages. It was tried to a jury which returned a verdict for the defendants, upon which judgment was accordingly entered. This petition in error was brought to review the proceedings.

*G. W. Doane* and *E. Wakely*, for plaintiff in error.

I. The verdict was unwarranted by the evidence.

II. The instructions excepted to, ought not to have been given, because there was no evidence to predicate them on.

III. The verdict did not find upon the issue of property. *Swain* v. *Ross*, 4 *Wis.* 150 ; *Rouge* v. *Dawson*, 9 *Id.* 246 ; *Bemus* v. *Beckman*, 3 *Wen.* 673 ; *Van Benthuysen* v. *De-Wit*, 4 *John.* 213 ; *Dale* v. *Kennedy*, 38 *Ill.* 282 ; *Hewson* v. *Saffin*, 7 *Ohio*, 587.

IV. The value of the property was proven, but there was no opposing evidence. Even if no value had been shown, there should have been a verdict for nominal damages.

The demand was clearly proven. Hence, the verdict was unsupported by the evidence, unless the jury were justified in finding that the notes were the property of the defendants. We rest upon the oral argument, and the perusal of the record of the court, that this was most clearly not shown ; but, on the contrary, that the notes passed to the assignee as McCready's property.

*Redick* and *Briggs*, for defendant in error.

I. All the allegations of the answer are admitted by the failure of the plaintiff to file a replication.

II. The record shows that the defendants sold to Mc-Cready a large stock of goods with which he opened a store at Decatur, Nebraska, and that he was indebted for the goods. Some time afterward McCready concluded to sell the store to one John McMurphy, and consulted the Kennards in relation to the sale, and it was agreed and understood between the Kennards, McMurphy and Mc-Cready, that if the store was sold to McMurphy, the proceeds of the sale were to be turned over to the Kennards, to discharge so much of their claim against McCready. The sale was made, and these three notes were taken in

payment therefor, and were indorsed by McCready and delivered to the Kennards, together with his own note of $1,000, leaving a small balance due the Kennards on the books, which McCready promised to pay in a few days. McCready failing to come up and settle the balance, as he had promised, Kennard tried to abandon the settlement and tendered back the notes, and brought suit on the original account against McCready. McCready refused to accept the notes, and at that time was in failing circumstances, and immediately thereafter made an assignment of all his effects to said Meredith. When that had been done, he demanded of the Kennards the three notes in question, which they refused to give. We say we had a right to the possession of the notes.

1. It was originally agreed that the proceeds of the sale of said store were to go towards the liquidation of the claim of the Kennards against McCready.

2. We tendered the notes back, and he refused to accept them.

3. McCready did not demand of them the notes until he had become bankrupt, and all his property had passed to the assignee, Meredith.

4. If we were not the owners of the notes, we certainly had the right of possession in them as security for our claim.

III. We think the cause ought not to be reversed.

1. There have been two jury trials already, and the question was one of fact and fairly passed upon.

2. The plaintiff failed entirely to prove the value of the property sought to be taken in the action, nor do we think that the court erred in its instruction to the jury. If there had been a settlement between McCready and the Kennards in regard to the notes, we were certainly entitled to a verdict; or if we only held to the notes as security for the claim, we were entitled to a verdict. But the record

does not disclose which view the jury took in passing upon the question.

4. It is a well settled principle of law that a court will never disturb or interfere with the verdict of a jury, if there is any evidence before them which would authorize the verdict, it being the province of the jury to determine the weight and sufficiency of the evidence.—*Hilliard on New Trials*, 340.

5. The verdict is in form and in every way regular, there being no statute requiring a special verdict in an action of replevin when it proceeds as one in damages.—*Hilliard on New Trials*, 107, 108.

6. While the jury might have found, by their verdict, that the defendant was the owner of the notes, or entitled to the possession, still it was wholly immaterial if the defendants were not liable to the plaintiff in damages.— *Hilliard on New Trials*, 107, 108, *and authorities cited.*

Mason, Ch. J.

This action was instituted by Meredith, as assignee of McCready, to recover possession of three promissory notes of one thousand dollars each, made by John A. McMurphy, payable to the plaintiff's assignor or his order, and by him indorsed. The defendants answered denying the special property of Meredith in the notes, denying that the assignment included them, and charged that the same were made for the purpose of hindering and delaying creditors, and plead property in themselves. The cause was tried to a jury, who returned a verdict as follows : " We, the jury in the above entitled cause, find for the defendant. B. A. Hall, Foreman." A motion was made by the plaintiff to set aside the verdict and for a new trial for alleged errors of law in giving and refusing instructions to the jury, to which exceptions were taken, and be-

cause the verdict was not warranted by the evidence, and because the verdict did not respond to nor determine the issues of fact joined in the pleadings, and was insufficient in law. Other errors and irregularities were also complained of. This motion was denied by the court and judgment rendered upon the verdict. All the evidence given at the trial is set out in the record. The notes in controversy were not taken on the writ of replevin and therefore not delivered to the plaintiff. This proceeding in error is brought to reverse the judgment of the court below. Let us first consider the question made upon the sufficiency of the verdict. Section one hundred and ninety-three of the Code, reads as follows: " When the property claimed (in replevin) has not been taken or has been returned to the defendant by the sheriff, for the want of the undertaking required by section one hundred and eighty-six, the action may proceed as one for damages only, and the plaintiff shall be entitled to such damages as are right and proper; but if the property be returned for the want of the undertaking required by section one hundred and eighty-six, the plaintiff shall pay all costs made by taking the same." When the property claimed in the petition, affidavit and writ has not been taken, the action shall proceed as one for damages. If this action had been brought for the wrongful taking by the defendants, and converting to their own use the property mentioned in the writ and the answer filed, and trial had, and verdict rendered the same as in this case, it would not be pretended that the verdict was not responsive to the issues and entirely sufficient.

We are referred to *Hawson* v. *Saffin*, 7 *Ohio*, 587, which was replevin upon issue joined on pleas of *non detinet*, with notice of special matters and property in both defendants, and property in a third person. The verdict was for the defendants, as follows: "We, the jury, find for the defendants, and assess the damages at eleven hundred and

MEREDITH v. KENNARD.

forty-one dollars and twenty cents. Here were two special issues each inconsistent with the other. The jury found the right of property in both defendants and in a stranger, and the repugnancy in the verdict was held fatal. A verdict which finds two inconsistent facts is void and cannot be the foundation of a legal judgment. The law, we think, is clear that the verdict must respond to all the material issues between the parties, *Dewitt* v. *Greenfield*, 5 *Ohio*, 227; *Powell* v. *Harper*, *Idem*, 259; *State* v. *Bank of Cincinnati*, 7 *Ohio*, 131. Cases may occur when a general verdict alone will be a substantial response to the issues taken by special matters set up in the answer, when all the facts set up in the answer are negatived by the general verdict. Is not this the precise case at bar? The defendants deny the property of Meredith in the notes and plead property in themselves. This general verdict responds to and finds all the issues made between the parties in favor of the defendants, and is such a finding as the statute contemplates when the property has not been taken on the writ of replevin. We think the verdict in form sufficient and responsive to the issues.

It is insisted by the plaintiff in error that there was no evidence upon which to predicate the instructions given. The court, at the request of defendant's counsel, instructed the jury as follows :

1. "If the jury find, from the evidence, that before the making of said assignment, there was a settlement made between Alexander McCready and Thomas P. Kennard, as the agent of the defendants, and that said Thomas P. Kennard had authority to make such settlement; and if the jury further find from the evidence, that as part of said settlement the notes in controversy in this suit were to be endorsed and delivered by McCready to said Kennard, with the agreement that they should be applied upon an indebtedness existing in favor of the Kennards, then the

ownership of the notes passed to the defendants, and became their lawful property.

2. The title and ownership of the said notes being once vested in the defendants, a mere tender back of said notes, not accepted by the said McCready, did not pass the title to the said notes to said McCready, and no acceptance or declaration of willingness to receive said notes back, made after the execution of said assignment, would have any effect to pass the title to John R. Meredith, assignee, without the assent of the defendants.

3. In this action it is incumbent upon the plaintiff to make out his title to the property claimed, before he is entitled to a judgment therefor; and before the plaintiff can recover in this action damages for said property (the same not having been taken by the sheriff), he is bound to show its value in proof; and in absence of proof of the value of the property, even if the jury find them entitled thereto, they can render a verdict for only nominal damages."

To the giving of each of these instructions, the plaintiff excepted, and the jury then retired to consider of their verdict, and afterwards returned into court without agreeing, and asking further instructions upon questions of law as to settlement with Thomas P. Kennard, when the court further instructed the jury as follows :

" If the jury believe from the evidence, that Thomas P. Kennard had authority to make an absolute settlement of this debt, and he made such settlement, and as a part thereof took these notes in payment, the defendants would be bound by such settlement; and in ascertaining whether a settlement was made, the jury may inquire why was the individual note of McCready given ? and may consider that fact as a circumstance to prove a settlement. If the jury shall find that the notes were placed in the hands of defendants as security for the debt from McCready to defend-

ants, and that they hold them for that purpose, the defendants have a right to the notes in this action."

The jury retired, and afterwards returned the verdict which is before set out. We fail to find any evidence in this record tending in the least degree to prove a settlement between McCready and the Kennards, or that Thomas P. Kennard ever effected any settlement, or settled the accounts between them, or was the agent for that purpose. There was then no evidence upon which to predicate the first instruction requested by the defendants. The second and third instructions were justified by the evidence, and we see no error in either of them. The same objection lies to the instructions given to the jury by the court, after the jury had returned and requested further instructions on the question of settlement, that lies to the first requested by the defendant. The charge of the court to the jury should always be founded on and applicable to the testimony; but if an erroneous charge be given to the jury on an abstract proposition or on a point entirely out of any case made by the evidence and the verdict can be supported by the proof made, the judgment will not be reversed.—*Creed* v. *Commercial Bank of Cincinnati*, 11 *Ohio*, 489 ; 1 *Indiana*, 406; 6 *Blackford*, 258 ; 7 *Blackford*, 272; 15 *Indiana*, 190; 8 *Blackford*, 240.

But when, as in this case, it plainly appears the court, in charging the jury, gave instructions not required nor called for by any evidence, and it appears that such unnecessary charge was calculated to, and we think did, mislead the jury in considering the facts of the case, the judgment ought to be reversed. The judgment is reversed and trial *de novo* awarded.

Reversed and remanded.