## CASE v. ILLINOIS CENTRAL R. R. Co.

Practice: INSTRUCTIONS. The giving of an instruction in a case presenting no evidence to which it is applicable, to the prejudice of the adverse party, is a sufficient ground for reversal.

*Appeal from Bremer District Court.*

FRIDAY, JUNE 19.

THIS is an action to recover for the alleged killing of a mare belonging to the plaintiff, by the cars of the defendant at its depot in the city of Waverly, through the negligence of the employes of defendant in charge of the train. Verdict and judgment for plaintiff. Defendant appeals.

*Crane & Rood*, for appellant.

*G. C. Wright*, for appellee.

MILLER, CH. J.—The only evidence in the case is that offered by the defendant. It shows that a train of freight cars of considerable length, came into the depot of defendant's road at Waverly, ran up to a switch and backed down on a side track,

and as the cars were backing down at a "tolerably fast" rate of speed, the mare, while running at large, came in from the west, upon the track at the highway crossing, and was struck by the cars "just about the time she turned on the track;" she turned north as she came upon the track, and was then struck by the rear car of the train. She had come from between an elevator and warehouse, which were situated near to the side track on which the train was backing.. There is evidence that before the collision, and when the cars were not more than two rods from the mare, several persons hallooed that there was a horse on the track, but there is no evidence that this was heard by any person in charge of the train or that the mare was seen by any of them before she was struck, or that she could have been seen in time to have prevented the collision. The witnesses agree that they heard neither bell nor whistle sounded. There was some evidence that it was customary to do so at crossings and switches. The evidence further shows that the mare had a colt, about two months old, which was ahead of her and she was running after it. It is stated by one witness that the train running at ordinary speed could not have been stopped in time to have avoided the collision, after it was discovered by the bystanders that the mare was coming upon the track, she being from 20 to 30 feet away. This is substantially all the evidence.

Among other instructions given by the court was the following;

"7th. If the defendant's employes saw or might have seen by the exercise of reasonable care and diligence on their part, the mare in time to have stopped the train if they had made a proper use of the appliances therefor, attached to the train in question, and failed to do so, it would be negligence for which defendant would be liable."

The giving of this instruction is assigned as error, for the reason that there was no evidence to which it was applicable or that would justify the court in giving it. We are constrained to concur with this view. There certainly is no evidence in the case tending to show that the employes on the train saw the mare before she was struck, or that by the exer-

cise of ordinary care they could have seen her in time to have stopped the train by the use of the proper appliances attached to the train. On the contrary the evidence makes it very clear that they could not have accomplished this end by the exercise of ordinary diligence. The animal was running at large, she came suddenly and rapidly on the track in the rear of the train while backing, she came thereon from between two buildings, and could not, in all probability, have been seen by the engineer or other train men, until she came out from behind one of the buildings and was within a few feet of the track, and in the rear of the train.

Nothing that the men on the train could have done would have avoided the collision, as the evidence clearly shows. The instruction therefore was erroneous, to the defendant's prejudice, and the judgment must be reversed. See *Smith v. The C., R. I. & P. R. Co.*, 34 Iowa, 506; *Ocheltree v. Carl*, 23 Iowa, 395; *The State v. Arthur*, Id., 430; *Byington v. McCadden*, 34 Id., 216; *Rindskoff, Bro. & Co. v. Curran*, Id., 325; *Plaster v. Ill. C. R. Co.*, 35 Iowa, 449; *Cleveland v. Chicago & N. W. R'y Co.*, Ib. 220.

REVERSED.