High v. Merchants Bank.

WILLIAM HIGH, PLAINTIFF IN ERROR, v. THE MERCHANTS BANK, DEFENDANT IN ERROR.

1. **Verdict.** WEIGHT OF EVIDENCE. In a jury trial where the evidence is conflicting, the verdict will not be set aside simply because the testimony to support it is not entirely satisfactory to the court.

2. ———: When conflicting testimony is fairly submitted to a jury, the court has no right to interfere with their finding, on the ground of a mere difference of opinion as to its weight.

3. **Error.** IRRELEVANT TESTIMONY. On a jury trial, the admission of irrelevant testimony tending to prejudice the adverse party is good ground for the reversal of the judgment.

4. ———: CHARGE TO JURY WHEN THERE IS NO EVIDENCE TO WHICH IT IS APPLICABLE. Where the court, in charging the jury, gives an instruction not called for by the evidence, and which is calculated to mislead them, the judgment will be reversed.

ERROR from the district court for Lancaster county. Tried below before POUND, J.

It was an action brought by High to recover $500 which he claimed to have deposited in the defendant

bank, but which the bank claimed was put by the plaintiff into the bank by Eaton, its cashier, in his individual capacity, and to be used by Eaton for his and High's benefit in purchasing margins on wheat. The jury returned a verdict for defendant, upon which, after the overruling of a motion for a new trial, judgment was entered.

M. H. Sessions, for plaintiff in error, cited Gatlin v. Wilcox, 26 Ark., 309. Blosser v. Harshbarger, 21 Gratt., 214. Dewey v. Chicago & N. W. R. R., 31 Iowa, 373. Vail v. Strong, 10 Vt., 457. Meredith v. Kennard, 1 Neb., 312. Myers v. R. R. Co., 2 Id., 338. Slaughter v. Fowler, 44 Cal., 195. Saving Association v. Hunt, 17 Kan., 532.

Cobb, Marquett & Moore, for defendant in error, cited Jones v. Chicago R. R. Co., 68 Ill., 380. Pollard v. People, 69 Ill., 148. Coleman v. First National Bank, 53 New York, 388. Andre v. Johnson, 6 Blackf., 375. Houghton v. Slack, 10 Vt., 520.

LAKE, CH. J.

I. The first error of the assignment is that the verdict is not supported by the evidence. On this point all that need be said is that although the testimony as to the purpose of the deposit is not entirely satisfactory still we think it sufficient to sustain the finding of the jury.

It is true that the plaintiff testified substantially, on his examination in chief, that the five hundred dollars was delivered by him to Eaton, then the cashier of the bank, as an ordinary deposit to be placed to his own credit. But opposed to this there is testimony tending pretty strongly to show that the money was in fact handed to Eaton, not as the cashier and agent of the

bank, but as the agent of the plaintiff and one Marsh, and to be used by him in speculating on their account in what they termed "*wheat margins.*" When testimony, thus conflicting, is fairly submitted to the decision of a jury, the court has no right to interfere with their finding on the ground of a mere difference of opinion as to its weight. *French v. Millard*, 2 Ohio State, 44. *Brown v. Hurst*, 3 Neb., 351.

II. It is also assigned for error that irrelevant testimony was admitted on the trial, which tended to prejudice the plaintiff's case. This testimony was given by the witness Clark, the successor of Eaton as cashier of the bank, who was asked "Whether the money ever did go into the funds of the bank?" To this he answered, "No, sir, it never got it." Now, in order to determine the relevancy of this testimony it is necessary to refer to the pleadings and see what the real issue was which the jury were called upon to decide, and to which the proofs should have been directed.

The plaintiff alleges in his petition that on or about the 25th day of August, 1874, he "deposited in said defendant bank, at its regular place of business   *   *
  *   the sum of five hundred dollars." And that afterwards on a proper demand being made by him payment of the money was refused. In the answer there is a general denial of the deposit having been made, and the issue thus formed was the only one concerning which there was any controversy on the trial. That the plaintiff had actually delivered to Eaton, the cashier of the bank, the sum of five hundred dollars seems to have been conceded. But it was insisted on behalf of the defendant that this money was not left with Eaton as a deposit in the bank, but for the purpose of being used by him in a wheat speculation in which Eaton, the plaintiff, and one Marsh, had agreed to engage.

Under this issue, therefore, the right of the plaintiff to recover did not depend upon the fact that Eaton placed this money with the funds of the bank, nor could he be defeated by showing that the cashier to whom the money was delivered had, without authority from the plaintiff, retained or converted it to his own use. The vital question was, in what capacity did Eaton receive this money which it was conceded was delivered to him at the bank, and during business hours? Was it as the cashier and agent of the bank, as was claimed on the one hand, or as the agent of the plaintiff and Marsh, and for the purpose of speculation, as was contended on the other? Upon this question the testimony objected to could throw no possible light, and ought to have been excluded for irrelevancy.

III. The only remaining objection relates to an instruction given to the jury and which it is claimed there was not only no testimony to warrant, but was calculated to mislead them in making up their verdict. The instruction was as follows: " A party cannot be silent when it is his duty to speak. And if the jury find from the evidence that Marsh, in the presence and hearing of plaintiff, stated that the money sued for in this case was given to George P. Eaton to be used in wheat margins for the benefit of plaintiff as soon as wheat fell to 90 cents, and you further find that the plaintiff did not deny this statement, this would be evidence against him."

This instruction assumes that there was evidence before the jury that Marsh had stated in the hearing of plaintiff that the money in question was in fact placed in Eaton's hands to be invested by him in a speculation in which the bank had no concern, and that by his silence the plaintiff had acknowledged the statement to be true. It is quite probable that this was given with particular reference to the testimony of the wit-

ness Marquett, wherein he relates a conversation which took place in his office between Marsh and himself, in the plaintiff's presence, concerning this money. Mr. Marquett testifies that at this interview Marsh stated, among other things, that " he was dealing in wheat margins and that he met Mr. High on the street and asked him if he did not want to go into a wheat speculation, and he said he would go in $500.00; and then they went to the Merchants Bank and gave the $500.00 to Eaton." This is the nearest approach that was made to what the instruction implies there was testimony to prove, and we think it by no means warrants what was thus assumed by the court, especially in view of the fact disclosed by the testimony of Mr. Marquett that the plaintiff "*was strenuously urging that he had deposited it in the bank all the time.*"

Indeed the testimony on this branch of the case shows that on all occasions, and to all declarations made in his presence that the transaction with Eaton was anything else than a deposit in the bank, the plaintiff entered very emphatic protests. We think the instruction was not only unwarranted by the testimony, but had a direct tendency to mislead the jury, and falls within the rule laid down in *Meredith v. Kennard*, 1 Neb., 312, that when the court in charging the jury gives an instruction not required nor called for by any evidence, and it appears that such unnecessary charge was calculated to mislead the jury the judgment ought to be reversed. *Case v. Ill. Cent. R. R. Co.*, 38 Iowa, 581. *McLean v. Clark*, 47 Geo., 24.

The judgment is reversed and the cause remanded to the district court for a new trial.

REVERSED AND REMANDED.