A. D. SMITH *vs.* C. B. MABEN.

February 10, 1890.

**Malicious Prosecution — Charge to be Taken as a Whole. —** Application of the rule that, in determining whether instructions of the court to the jury are erroneous, the whole charge relating to a particular subject may be construed and considered together.

**Same—Harmless Error.—**Rulings upon the admissibility of certain testimony *held* error without prejudice.

Action for $10,000 damages for malicious prosecution, brought in the district court for Hennepin county. At the trial before *Young,* J., the plaintiff offered in evidence an account of his arrest published four days afterwards in a newspaper edited by defendant. The evidence was excluded, and plaintiff excepted. One Wright testified for defendant, (plaintiff objecting and excepting) that after the prosecution was ended, plaintiff said to the witness that "he told the county attorney that he might, if Maben came for a warrant, give it to him, because he would defeat the criminal action and sue Maben for damages." The exceptions to the charge are stated in the opinion. The defendant had a verdict, and plaintiff appeals from an order refusing a new trial.

*W. H. Donahue, C. F. Baxter,* and *A. D. Smith,* for appellant.

*Geo. C. Ripley, C. E. Brennan,* and *S. A. Booth,* for respondent.

VANDERBURGH, J. This is an action for malicious prosecution. The principal question involved in this appeal arises upon the charge of the court. The defendant had caused the arrest of the plaintiff upon a charge of violating the election law of the state by his conduct as an inspector at a primary election, and particularly of "having received the vote of a stranger after the vote of said stranger had been duly challenged by a qualified voter at said primary." Upon the evidence at the trial it became a question for the jury whether such challenge was in fact made, or, if made, whether the plaintiff heard it or knew of it; and it was submitted to the jury upon the issue of the existence of probable cause for the prosecution, which was

the principal matter considered by the court in its charge. Upon the particular matter referred to, the court stated to the jury that if the challenge was actually made, and Maben heard it,—being made, as he supposed, in an ordinary tone of voice, so that all the inspectors might have heard it,—then it would justify him in making the accusation. "Though the plaintiff would not be guilty of an offence if he did not hear the challenge, nevertheless, if the challenge was made in the way that Mr. Maben believed that he heard it, and he [plaintiff] disregarded it, then it would justify him in making the accusation, if the vote was received after the challenge was made by a legal voter." The error complained of is the inaccuracy of the charge in not advising the jury that the circumstances must be such as to have afforded reasonable ground for such belief. But the attention of the court was evidently directed to the question of defendant's good faith in making the accusation, and it seems to have been taken for granted that, if the facts were as Maben testified, his belief was reasonably justified by the circumstances under which the challenge was made. And it must be assumed that the challenge of a voter, to avail anything, and if made in good faith, must be so made as to arrest the attention of the inspector to whom it is supposed to be addressed, and that the charge was given in view of the nature of the defendant's evidence on the subject. The jury, therefore, in determining whether a challenge was made, which Maben heard, and believed the plaintiff heard, would necessarily have to consider the evidence referred to. So that, in view of the further instructions of the court on the same subject, in which it added: "The law therefore requires that, before a person shall make a criminal complaint, he shall examine all the facts pertaining to the commission of the offence very carefully, and that he shall act cautiously and discreetly, that he may do no wrong to another. * * * Now, what we mean by 'probable cause' is a reasonable ground of suspicion, supported by circumstances sufficiently strong in themselves to warrant a cautious man in the belief that the person accused is guilty of the offence with which he is charged. That is what constitutes probable cause,"—we think it very clear that the jury were not in fact misled, but were correctly informed in respect to the nature

and measure of the proof required. There are, it is true, loose and inaccurate statements,—inaccurate because incomplete,—but subsequently supplemented by a full and fair statement of the law applicable to the case, and fully covering the essential points.

2. The evidence offered by plaintiff tending to show defendant's activity and forwardness in causing the publication of the fact of plaintiff's arrest upon the criminal charge was proper upon the issue of defendant's malice. It is clear, however, that it was error without prejudice, because it is evident that the decision of the jury turned on the question of the existence of probable cause; for they were instructed, without objection, that if there was no probable cause the law will imply malice. This was equivalent to a direction that if they found no probable cause they must infer malice; and, if this was not strictly correct, the plaintiff can hardly complain of the rule as laid down. Malice in such cases is a distinct issue, to be found as a question of fact by the jury. They may infer it from want of probable cause, but are not legally bound to do so. The plaintiff cannot, therefore, complain of the ruling in question, since the result could not have been affected by it.

3. Evidence of the testimony of Wright tending to show that plaintiff invited the prosecution was also proper on the question of damages; but, as the case turned, the question of damages was not reached, and the evidence became immaterial.

Order affirmed.