DANIEL HAMER, APPELLANT, *v.* FIRST NATIONAL BANK OF OGDEN, RESPONDENT.

EVIDENCE.—OPINION.—IMMATERIALITY.—When, in a suit brought for malicious suing out of an attachment, plaintiff is asked whether defendant had any motive in issuing the attachment other than an honest desire to collect the debt, such question asks for the conclusion of the witness and should be excluded, and the witness should be confined to a statement of the facts.

ID.—ID.—INCOMPETENCY.—It was proper to exclude the testimony of a witness as to the purpose of plaintiff in doing certain acts. The witness should state the facts and circumstances within his own knowledge that influenced the plaintiff. The purpose of plaintiff was a conclusion to be drawn by the jury.

ID.—ID.—IMMATERIALITY.—A question was asked a witness on cross-examination whether a feeling existed on the part of the witness and an institution in which the witness was interested against the defendant bank, was wholly immaterial, because having no connection with the appellant, even though it was shown that the appellant had transferred his business from the defendant bank to the rival institution, and was one of the organizers thereof.

TRIAL.—CONSTRUCTION OF INSTRUCTIONS.—APPEAL.—The instructions given to the jury in the trial court should be considered.

all together, and even although detached parts of the instructions may appear to be erroneous, yet if the charge considered all together correctly presents the law, it will not be considered erroneous.

MALICIOUS PROSECUTION.—PROBABLE CAUSE.—MALICE.—In a suit for malicious suing out of a writ of attachment, it is incumbent on the plaintiff to show both malice and a want of probable cause, and the fact that the writ of attachment was dissolved is alone evidence of neither; and although malice may be inferred from want of probable cause it does not prove such want; hence if probable cause is shown whether or not there was malice is immaterial, and while the question of probable cause, on all the facts in evidence is a question for the court, the whole testimony where it is conflicting should be submitted to the jury and their finding will not be disturbed on appeal.

APPEAL from a judgment and from an order refusing a new trial of the district court of the fourth district, Hon. James A. Miner, judge. The opinion states the facts.

*Messrs. Kimball and Allison,* for the appellant.

*Messrs. Evans and Rogers,* for the respondent.

BARTCH, J.:

This action was brought for malicious prosecution, and the material questions raised on this appeal refer to the rulings of the court and to the charge to the jury. It appears from the record that the respondent instituted a suit against the appellant for the collection of a debt in the sum of $600, for rent due, and caused a writ of attachment to be issued and levied against the property of appellant, on the ground that he had departed from Utah Territory, to the injury of the creditors. The appellant claims that the writ was issued and levied at the instance of the respondent, wickedly, maliciously, wrongfully, and without probable cause, with the intent to oppress him and bring him into disgrace. The respondent claims that it caused

the writ to be issued in good faith, to aid in the collection of a debt due, acting and relying upon the advice of reputable counsel, to whom it had stated all the facts and circumstances connected with the case, within its knowledge. On the trial, two questions were put to the appellant by his counsel, as follows: (1) "Mr. Hamer, prior to the time of your going east, do you know of any motive why Mr. Pingree should procure the issuance of a writ of attachment, other than a desire to collect that debt?" [1] (2) "State, if you know, from what Mr. Pingree said, and his conduct, whether or not there was any other reason for filing that affidavit, and for causing the writ of attachment to be issued, other than an honest desire to collect a debt of the bank." Objections by the respondent that these questions were immaterial, irrelevant, and incompetent were sustained by the court, with permission to witness to state the facts. Counsel for appellant insist that the ruling of the court was erroneous. The general rule is that witnesses must state facts, and cannot state conclusions or opinions. There are exceptions to this rule, as where questions of value, of trade, or of science, and the like, arise. Here persons skilled in the particular subject-matter concerning which the question to be determined arose are permitted to give their opinions, as well as to testify to the facts. 1 Greenl. Ev. § 440. But these exceptions will not be enlarged or extended, except in cases where justice will otherwise be prevented. *Teerpenning* v *Insurance Co.*, 43 N. Y. 279.

In the case at bar, the witness was asked, in substance, to state whether the respondent had any other motive or reason to procure the issuance of the writ than a desire to collect the debt. This was asking for the opinion of the witness as to the motive of another individual, and yet it does not appear from the record that the respondent ever communicated his motive to the witness, and therefore the

witness could simply draw his conclusion from the facts and circumstances known to him, and thus invade the province of the jury, besides being liable to give an erroneous conclusion, through bias and prejudice, being an interested witness. While a witness may be interrogated as to his own motive in the doing or not doing of a particular act or thing, it is difficult to observe by what principle of law he may be interrogated concerning the motive of another person, when such person has given no expression of his intentions to him. The court correctly held that the witness might state the facts, and the jury would determine the motive. 1 Whart. Ev. § 508; Whart. Crim. Ev. § 476; *Real* v. *People*, 42 N. Y. 270.

Likewise, the court properly excluded the testimony of the witness Marsh relating to the purpose of appellant in leaving Ogden city, and taking a trip. He could state facts within his own knowledge, and, from these facts and the circumstances, it was the province of the jury to determine what the purpose was. The testimony of the witness Rolapp to the effect that a feeling existed between the respondent and the witness and his institution, the Utah Loan & Trust Company, to which the appellant had transferred his business, and was one of the parties who organized the rival bank, was also properly excluded. The court correctly ruled that the appellant might show any feeling which existed between the respondent and himself. Clearly, any feeling that might have existed between the respondent and the witness or any other person, except the appellant, would be wholly immaterial, and would show no motive for causing the writ of attachment to be issued. The authorities cited by counsel for appellant on the points thus far considered do not appear to be applicable to this case, as shown by the record.

The remaining errors assigned relate to the charge of the court to the jury. The first, of which counsel for appel-

lant complains, is as follows: "If the jury believe from the evidence in this case that the plaintiff, Daniel Hamer, departed from Utah Territory, leaving no suitable person, of at least the age of fourteen years, at his residence or usual place of abode, in said Territory, so that service of summons could not be had or made upon him, then I charge you, as a matter of law, that the defendant would have a right to have a writ of attachment issued against his property, provided he departed from the Territory to the injury of his creditors, or the bank had probable cause to believe he so left." It is insisted that this instruction is erroneous, because the question of leaving a suitable person, of at least the age of 14 years, at his place of abode, that service of summons might be had when the plaintiff left the Territory, had nothing to do with the issuance and service of a writ of attachment. If it be conceded that the first part of the instruction, standing alone, is erroneous, because the inability to serve process was not the statutory ground relied on, the question is, when taken with the latter part, and considered as a whole, and in connection with the entire charge, did it mislead the jury? If it did not, then it is no ground for reversal of the judgment, even though it is technically erroneous; for it is almost a universal rule of courts that a judgment will not be reversed on account of an erroneous or faulty instruction, unless it be such as to make it probable that the jury were misled. In this case it does not appear probable that the jury were misled, for the proviso, added to the objectionable part of the instruction, controls and qualifies it, so that, by a reasonable application of it, the jury would be unable to find that the attachment was properly issued and served, unless they further found that the appellant had actually departed from the Territory, to the injury of his creditors. We think there was no

material error in this instruction. 2 Thomp. Trials, § 2401.

The next instruction complained of reads as follows: "Probable cause is the existence of such facts and circumstances as would excite the belief, in a reasonable mind, acting on the facts within the knowledge of the defendant bank, that the plaintiff Hamer had departed from the Territory of Utah, at the time in question, to the injury of his creditors." Counsel for appellant contend that this instruction does not correctly define the term "probable cause;" that the court should have added thereto that it was the duty of the bank to make cautious and diligent inquiry, and that it believed the facts to be true. These elements were clearly set forth in other parts of the charge, and therefore it was not error to omit them in this instruction. The mere omission in one part of the charge by the court of certain elements, though material, when they are substantially given in another part, will not be ground for reversing the judgment. Nor will this be the case where the instruction is erroneous or faulty, if the whole charge states the law fairly and correctly. The charge, as a whole, must receive a reasonable interpretation. On this point, Thompson, in his work on Trials, (volume 2, § 2407), states the law as follows: "The charge is entitled to a reasonable interpretation. It is construed as a whole, in the same connected way in which it was given, upon the presumption that the jury did not overlook any portion, but gave due weight to it as a whole; and this is so, although it consists of clauses originating with different counsel, and applicable to different phases of the evidence. If, when so construed, it presents the law fairly and correctly to the jury, in a manner not calculated to mislead them, it will afford no ground for reversing the judgment, although some of its expressions, if standing

alone, might be regarded as erroneous, or because there may be an apparent conflict between isolated sentences, or because its parts may be in some respects slightly repugnant to each other, or because some one of them, taken abstractly, may have been erroneous." *Smith* v. *Maben* (Minn.), 44 N. W. Rep. 792; *Smith* v. *Carr,* 16 Conn. 450; *U. S.* v. *Wright,* 1 McLean, 509; *Ocheltree* v. *Carl,* 23 Iowa, 394.

To maintain this action, it was incumbent upon the appellant to show that there was a want of probable cause, and that the respondent was actuated by malice in causing the writ to be issued, for both these elements are indispensable in such a prosecution, and both must concur. Neither alone is sufficient, and the fact that the attachment was dissolved after the debt had been paid was not evidence to establish either of them. In *Stewart* v. *Sonneborn,* 98 U. S. 187, Mr. Justice Strong, delivering the opinion of the court, said: "In every case of an action for malicious prosecution or suit, it must be averred and proved that the proceeding instituted against the plaintiff has failed, but its failure has never been held to be evidence of either malice or want of probable cause for its institution; much less that it is conclusive of those things." *Jordan* v. *Railroad Co.,* 81 Ala. 220, 8 South. Rep. 191. Although malice may be inferred by the jury from want of probable cause, yet both are matters of proof, and want of probable cause can never be inferred from malice; and in this case, even though malice existed on the part of the respondent towards the appellant, yet, if there was probable cause for the issuance of the writ, the appellant cannot prevail, for the respondent was just as much entitled to use all the means which the law allows for the collection of its debt as if no malice had existed; nor was he liable for causing the writ to be issued, though this was done without probable cause, unless he was actuated by malice.

Whether the circumstances alleged to show probable cause existed, and are true is a matter of fact. Whether they amount to probable cause, assuming them to be true, is a question of law. Where matters of fact and matters of law, which constitute the probable cause, are so blended together as not to be easily susceptible of separate decision, the whole question may be submitted to the jury, under proper instructions by the court. This is so where, as in this case, the testimony is conflicting, and the credibility of the witnesses is to be estimated; and, the court and jury having an opportunity to observe the demeanor of the witnesses while testifying, the verdict will not be disturbed, unless the record reveals some manifest error material to the issue. 2 Greenl. Ev. § 457; *Masten* v. *Deyo,* 2 Wend. 424; *Collins* v. *Shannon,* (Wis.) 30 N. W. Rep. 730; *Raulston* v. *Jackson,* 1 Sneed, 127; *Wood* v. *Weir,* 5 B. Mon. 544; *Besson* v. *Southard,* 10 N. Y. 236; *Israel* v. *Brooks,* 23 Ill. 576; *Cloon* v. *Gerry,* 13 Gray, 201.

The question in this case was not whether the appellant had actually left the Territory to the injury of his creditors, but whether the facts and circumstances would warrant a cautious and prudent man, acting conscientiously and reasonably, to believe that he so left. That there was some ground for such a belief appears to be evident from the record. The appellant alleged, and introduced evidence tending to show, that the respondent, maliciously, wickedly, wrongfully, and without probable cause, procured the writ to be issued. The respondent alleged that the appellant owed it a debt which was due and unpaid, although payment had been repeatedly demanded; that, before it brought its suit, other suits were brought against appellant, and attachments sued out; that the appellant informed it that he had made arrangements to pay its claim, which respondent afterwards learned to be untrue; that he conveyed valuable portions of his real estate to a near relative,

etc.; and that it consulted reputable counsel, stated all the facts to them, took and relied upon their advice, and honestly believed it was pursuing a just and proper course. The evidence of the respondent tended to show that all the allegations were true. Although there is but a small portion of the evidence contained in the record, it is clear that it was quite conflicting, and therefore the questions of malice and of probable cause were properly submitted to the jury, and this court, under the circumstances, will not disturb the verdict. We do not deem it necessary to consider the other questions raised in the record; nor do we think the court erred in refusing to give the appellant's requests to the jury. The judgment is affirmed.

ZANE, C. J., concurred.