W. S. Mc CORNICK, Respondent, *v.* HENRY SAD-
LER, Appellant.

*Mechanic's Lien — Order for Payment of Money — Instructions.*

Plaintiff sued defendant to recover on an order for $2,338 given
plaintiff by the contractors who built defendant's house.
The evidence showed that two months and a half before
the order was given, defendant paid to M. & Co. who were
material men, the sum of $700 on an order of said contract-
ors. After the giving of the order sued on, defendant paid
M. & Co. the further sum of $1,844, an alleged balance for
material furnished for said house, which payment defendant
pleaded as a defense to the action, alleging that M. & Co.
were entitled to a lien for said amount and threatening to
file one against the house. The $700 payment referred to hav-
ing been made before the execution and delivery of the order
sued on, and before plaintiff acquired any interest in the fund
due the contractors and material men, the giving of an in-
struction that, "If you find from the evidence that T. & K.
(the contractors) gave an order to M. & Co., while the con-
tract was being carried out, and the house was being built,
on defendant for $700, and they credited defendant, or defend-
ant paid it to M. & Co., that would constitute a payment
to be deducted from the amount found due M. & Co., for
which they were entitled to a lien," was prejudicial error.

(Decided Jan. 26, 1900.)

Appeal from the Third District Court, Salt Lake County.
Hon. A. N. Cherry, *Judge.*

Action to recover on an order given plaintiff by contract-
ors who built defendant's house. From a judgment for
plaintiff, defendant appealed. *Reversed.*

*Charles Baldwin, Esq.,* and *Messrs. Bennett, Hark-
ness, Howat, Bradley & Richards,* for appellant.

What we complain of is that the tenth instruction, in effect, directed the jury to deduct $700 from the amount they found was due Mason & Co. on January 14, 1891, and that thereby the verdict was $700, and interest for eight years, more than it otherwise would have been. *Mc Cornick* v. *Sadler*, 12 Utah, 468.

*Messrs. Richards & Varian*, for respondent.

This instruction states the law abstractly. We do not understand counsel to deny this. But, suppose it to be erroneous upon its face, prejudicial error does not necessarily exist. Under the law laid down by the court, the whole charge must be examined, and receiving a reasonable interpretation, if it as a whole states the law correctly and fairly, it is enough. *Hamer* v. *Nat. Bank*, 9 Utah, 220; *State* v. *McCoy*, 15 Utah, 141; *Anderson* y. *Mfg. Co.*, 16 Utah, 29; *Thompson Trials*, Vol. 2, p. 2407.

Mc Carty, District Judge.

This is the fourth time that this case has come to this court on appeal. (10 Utah, 210; 11 Id., 444; 14 Id., 463.) The facts, so far as it is necessary to state them in order to decide the questions raised on this appeal, are as follows:

In the spring of 1890, the defendant Sadler contracted with Taft and Kropfganz to erect a brick dwelling house in Salt Lake City for the contract price of $6,873. Taft and Kropfganz erected the house according to contract, with some extras ordered by Sadler. On December 20, 1890, Taft and Kropfganz filed a notice of mechanics' lien against the house for an alleged balance of $2,720.45, after deducting all payments made by Sadler to them or on their order. The notice of mechanics' lien contained an itemized account in a general way of the work done

and expenditures made by the contractors, Taft and Kropf-
ganz, in the erection of the house; also of the payments
made by defendant to them up to the time of the filing of
the mechanics' lien.    In the itemized list of payments was
one of $700 made October 27, 1890.    The evidence
showed that this payment of $700 was made by Sadler to
Mason & Co. on the order of Taft and Kropfganz.    There
was no evidence of any other payment of $700 having
been made.    It appears from the record that Taft and
Kropfganz were indebted to several different parties for
material furnished and work done in the erection of the
house, and that some of those parties as sub-contractors,
material men, or laborers, were entitled to file liens for the
respective amounts due them.    On January 10, 1891,
Sadler and his architects, Carroll & Kern, met with Taft
and Kropfganz for the purpose of determining the amount
of money due from Sadler to Taft and Kropfganz, and the
amounts due the laborers, sub-contractors, and material
men, who were entitled to file liens against the house.    At
that meeting it was agreed that there was due from Sadler
to Taft and Kropfganz for building the house a balance of
$2,320.80.    There was a difference of opinion as to the
amount due Mason & Co. from Taft and Kropfganz, and
no agreement was reached as to that account.    Kropfganz
at that meeting claimed that there was due Mason & Co.
between $1,700 and $1,800, but Taft said the amount was
not so much.    At the trial, Taft's deposition, wherein he
claimed that the amount due Mason & Co. was $1,718.22,
was read in evidence, also his testimony given on a former
trial of this case, wherein he testified that there was due
Mason & Co. for material furnished in the erection of the
Sadler house $430 and no more.    The record is silent as
to the decision, if any were arrived at, as to the amounts
due from Taft and Kropfganz to the other parties, who as

sub-contractors, material men, and laborers held claims against the house. On January 14, 1891, Taft and Kropfganz being indebted to the plaintiff, W. S. Mc Cornick, gave him an order on Sadler for $2,338. A day or two afterward Mc Cornick presented the order to Sadler, who informed him that there were a number of liens upon the house that would have to be paid out of the money due to Taft and Kropfganz. Mc Cornick told Sadler to pay him what was left after paying the liens upon the house. On January 17, 1891, and after notice of the assignment of the fund to Mc Cornick, Sadler paid Spencer and Bywater $71 for plumbing in the erection of the house; paid Mason & Co., who furnished to Taft and Kropfganz materials for the house, $1,844; paid Irwin and Buse $100 for brick furnished to Taft and Kropfganz for the house, and Culmer & Bros. $305.80 for work done on the house under the contract with Taft and Kropfganz, leaving nothing for Mc Cornick. Mc Cornick brought suit for $2,338, the amount of the order above referred to. The defendant, in his answer by way of affirmative defense alleged that by virtue of the agreement and conference between himself and Taft and Kropfganz, held January 10, 1891, and above mentioned, he made the payments referred to, and that the payment of $1,884 to Mason & Co. was for lumber and building material furnished by them to Taft and Kropfganz for said house, and for which the time for filing mechanics' lien had not expired, and that they, Mason & Co., were entitled to mechanics' lien, and were threatening to file such lien unless paid.

The issues were tried by a jury who returned a verdict of $1,270.24 in favor of plaintiff. It was admitted that the claim of Culmer and Bros. for $305.80, and the claim of Spencer & Bywater for $71, were both valid claims, and that the defendant was entitled to deduct

them from the amount that would be due from defendant to plaintiff under the assignment from Taft and Kropfganz, leaving $1,944 in dispute.

Plaintiff contends that Taft and Kropfganz were not indebted to Mason & Co. for materials for the house in the sum of $1,844, and that it was not necessary for defendant to pay that amount to Mason & Co. in order to protect his house. At the request of the plaintiff the court gave the tenth instruction as follows: "If you find from the evidence that Taft and Kropfganz gave an order to Mason & Co. while the contract was being carried out, and the house was being built, on Sadler for $700, and they credited Sadler, or Sadler paid it to Mason & Co., that would constitute a payment to be deducted from the amount found due Mason & Co. for which they were entitled to a lien." The defendant duly excepted to this instruction, and now assigns the giving of it as error, and it is the only error assigned and relied upon by defendant. The instruction was erroneous, and the giving of it could not have been other than prejudicial to the appellant. There was no evidence in the case of more than the one $700 payment to Mason & Co. on the order of Taft and Kropfganz, and the payment was made, as shown by the record, October 27, 1890, two and one-half months prior to the meeting of January 10, 1891, above referred to, and the execution and delivery of the order on which this action was brought. It is conceded that the payment by Sadler to Mason & Co. of any sum due them from Taft and Kropfganz, after notice of the assignment of the fund to Mc Cornick, and for which Mason & Co. were entitled to file a mechanics' lien against the house, would reduce the amount, if any, for which Mc Cornick was entitled to recover to the extent of the payment so made. By the foregoing instruction the jury were re-

quired to deduct the $700 referred to from the payment made by Sadler to Mason & Co. and add it to the amount, if any, found due Mc Cornick, even though they should find that the final payment of $1,844 to Mason & Co., or some part thereof, was necessarily made by Sadler in order to protect his house.   The $700 payment, as above stated, was made prior to the time of the execution and delivery of the order by Taft and Kropfganz to Mc Cornick, and before Mc Cornick acquired or claimed any interest in the fund, and for aught appears in the record it was made in good faith and without any intent to defraud Mc Cornick or other creditors of Taft and Kropfganz, hence he was not entitled to have the $700 deducted from the amount, if any, that Sadler was compelled to pay Mason & Co. in order to protect his house.   Therefore the foregoing instruction was erroneous.

In their briefs, counsel, both for the appellant and respondent, have elaborately and at considerable length discussed the proposition as to how and by what process and course of reasoning the jury arrived at the sum contained in their verdict.   There being no contention that the jury were guilty of any misconduct or irregularity in arriving at their verdict, we can not consider that feature of the case.

The judgment appealed from is reversed, with directions to the trial court to grant a new trial.   The costs of this appeal to be taxed against respondent.

Miner, J., and Baskin, J., concur.