By the Court, Welles, J.
The plaintiff in error was indicted, tried and convicted in the court below for burglary and larceny. She was sentenced to be imprisoned in the State prison at .Sing Sing for two years at liard labor. The burglary was committed on the night of April 15,1863, by breaking into the house of Walter E. Lauder-dale, at Geneseo, Livingston county, and stealing several articles of personal property belonging to said Lauderdale. The evidence on the part of the people tended to show that the house of Dr. Lauderdale had been broken open and the personal property referred to stolen and carried away by some person or persons, some time during the night of the said 15th of April, 1863. About the 20th of the same month of April, the stolen property was found in the possession of the plaintiff in error who lived in the same village with Dr. ■ Lauderdale. The accused had washed for his family about six weeks before the property was taken.
When the stolen goods were found in her possession, it' does not appear that she made any attempt to explain how *120 she came in possession of them, nor was any such attempt made at the trial. After the evidence was closed, the court charged the jury that the finding of the stolen property shortly after it was taken, is presumptive evidence of the guilt of the person in whose possession it was found, to which the counsel for the plaintiff in error excepted.
The counsel for the prisoner then asked the court to charge the jury: that the finding of the property in the possession of the defendant unaccompanied by any suspicious circumstances, was no evidence that she committed the burglary. The court refused so to charge, to which the counsel for the plaintiff in error excepted.
No error, as it seems to me, was committed either in the , charge or refusal to charge as requested. In regard to the .charge, it must be borne in mind that it was competent under the indictment to convict the prisoner either of a simple larceny, or of the burglary and larceny. It never was doubted that on a trial for larceny, after the corpus delicti was proved, and evidence given that the stolen goods were found in the possession of the accused, that such possession, unexplained, was prima facie evidence that the person in whose possession they were so found was the person who committed the larceny. The charge went no further than that.
The request to charge was too broad. It was that such possession, unaccompanied by any suspicious circumstances was no evidence that she committed the burglary. It certainly was some evidence of that fact, even if not sufficient prima facie of her guilt of the burglary. The request was to charge that it was no evidence of such guilt. A request to charge must as a proposition of law be perfect and embrace nothing more than the party is entitled to. The court was therefore right in refusing to charge as requested.
On the trial, after the plaintiff had rested, the defendant called as a witness, William Butler Jones, a boy nine years *121 old, who stated that he did not know the nature of an oath or the obligations of a witness, and had never been sworn. The court ruled that he was not competent as a witness, and the prisoner’s counsel excepted. The prisoner’s counsel then requested the court to instruct the witness as to the nature and obligations of an oath, which the court declined, and the prisoner’s counsel excepted. In all this I think the court was right, and that the judgment should be affirmed.
Judgment affirmed.