support away from his home, he nevertheless expresses a willingness to receive and support her there. The bill was sufficient, the pleadings were correct, and the evidence was admissible under them.

The Court took the occasion to remark upon a matter of practice. It seems that the Circuit Court Commissioner regarded it as his duty to hold the parties to the same order of proof to which they would be held in a trial at law, and he accordingly refused to take certain evidence, because, though relevant to the party's case or defense, it was not brought forward by the party until the time for rebutting testimony, and was not rebutting in character.

*Held,* That the Commissioner has mistaken the practice. Either party, during the period allowed by the rules for taking proofs, has a right to take his testimony in any order he may choose, and the complainant is not precluded from offering proof in support of his original case by the fact that the defendant has gone into or gone over his defense. The same is true of the defendant. He may put in any relevant testimony at any time before the proofs are closed.

---

## EDWARD S. GEARY *vs.* THE PEOPLE.

Exceptions to a charge must point out specifically the errors complained of.

The law of 1869, requiring charges to be written does not operate to make the charge a part of the record so as to be reviewable as an entry.

The interest or bias of a witness may be shown, as bearing upon the credit of the witness.

Error to Eaton Circuit.

*Opinion by* CAMPBELL, Ch. J.—Plaintiff in error was charged with an assault with intent to commit rape, and was convicted of an assault. There was one general exception to the entire charge of the Court, pointing out no particular matters complained of in it.

*Held,* That exceptions to a charge should be specific enough to show what parts of it are regarded as error, or how it injuriously affects the rights of the party excepting.

It is claimed under the law of 1869, requiring charges to be

written, that the charge becomes a part of the record and is reviewable as an entry.

*Held,* That there is no change brought about by that law in the nature or functions of a charge. It merely substitutes a written charge for an oral one. But the charge can only be brought up as it would have been formerly by exceptions, or case made, and the exceptions must be taken in the same way as before.

The only errors properly assigned relate to the exclusion of certain testimony designed to impeach the credit of the complaining witness. She had denied having conversations with various persons concerning her expectations of receiving some profit out of the trial. When the defendant sought to show that she had made statements to that effect the Court refused to permit the proof to be made.

*Held,* That the proof should have been admitted. The interest or bias of a witness has never been regarded as irrelevant. It goes directly to his credit, and must determine with the jury how far facts depending on his evidence are to be regarded as proven.

The judgment must be reversed and a new trial granted.

---

### ELLEN DONAHUE *vs.* JACOB KLASSNER.

An estoppel by land contract arises from the fact that possession which would not have been acquired without it, cannot be honestly be retained in defiance of it.

A deed was made and acknowledged in N. Y., in 1843, without witnesses. Clerk's certificate as to acknowledgment, was made in 1856, but does not purport to have been made by a Clerk of a Court of record. *Held,* that the deed was invalid.

The fact that restitution of premises is obtained from a judgment in an action of ejectment, does not change the burden of proof on a subsequent trial of the same cause.

Error to Berrien Circuit.

*Opinion by* CAMPBELL, Ch. J.—This is an action of ejectment, and the principal inquiries in it relate to the validity and construction of a conveyance and the effect of a contract by way