UNITED STATES, RESPONDENT, v. JOSIAH GOUGH, APPELLANT.

TRIAL.—ORAL INSTRUCTIONS.—WAIVER.—Section 5033, 2 Comp. Laws, 1888, provided that the charge of the court to the jury, if not given in writing, must be taken down by the phonographic reporter. The court instructed the jury orally, and the charge was not taken down by the phonographic reporter, but the defendant and his counsel were present, made no objection, and did not call the court's attention to the omission; *held* that the objection was waived.

APPEAL from a judgment of conviction and from an order theretofore made refusing a new trial of the district court of the first district. The opinion states the facts.

*Messrs. Dudley and Woods,* for the appellant.

In California, under similar code provision, oral charges without express consent of defendant is ground of reversal, as the statute requiring the charge is mandatory. *The People* v. *Beeler,* 6 Cal. 246; *People* v. *Payne,* 8 Cal. 341; *People* v. *Demont,* 8 Cal. 423; *People* v. *Ah Fong,* 12 Cal. 346; *People* v. *Woppner,* 14 Cal. 437; *People* v. *Antonio Chares,* 26 Cal. 79; *People* v. *Trim,* 37 Cal. 274; *People* v. *Sanford,* 43 Cal. 29; *People* v. *Prospero,* 44 Cal. 186; *People* v. *Max,* 45 Cal. 254; *People* v. *Hersey,* 53 Cal. 574. Section 1093 of the penal code of California is the same as subdivision 6 of § 5033 of criminal code of Utah, and said § 1093 is held to be mandatory in the case of *People* v. *Hersey,* 53 Cal. 574. Consent to oral charge is not presumed from failure to object. *People* v. *Antonio Chares,* 26 Cal. 79; *People* v. *Trim,* 37 Cal. 274; *People* v. *Sanford,* 43 Cal, 29; *People* v. *Prospero,* 44 Cal. 186. Oral instruction in absence of reporter is error *per se.* *People* v. *Hersey,* 53 Cal. 574.

*Mr. Charles S. Varian,* U. S. Attorney, for the respondent.

ZANE, C. J.:

The defendant was accused of the crime of adultery, and a jury found him guilty. He appealed from the order of the court overruling his motion for a new trial, and from the judgment on the verdict.

The court gave an oral charge to the jury which was not taken down by a reporter, and this defendant assigns as error. The last clause of § 5033, Comp. Laws Utah, 1888, is as follows: "If the charge be not given in writing, it must be taken down by the phonographic reporter." It appears from the record that the defendant and his counsel were present when the charge was given, and it does not appear that the attention of the court was called to the omission now complained of, or that any objection was made or exception taken. It does appear that counsel for the defendant first called the attention of the court to the fact that its charge had not been taken down two or three days after the trial, upon his motion for a new trial. If objection had been made to the oversight when it occurred the court would have reduced the charge to writing, or would have ordered it taken down by the stenographic reporter. In the case of *Gibson* v. *State,* (Fla.) 7 South. Rep. 376, the court said: "In regard to the alleged error of the court in delivering a portion of the charge to the jury orally it does not appear from the record that any exception was taken to this at the time. Under the practice of this court in construing the statutes in relation to oral and written charges, such error, being as to a merely formal requirement, is considered waived if not excepted to before retirement of the jury. Even if alleged as error on a motion for a new trial, it comes too late. The statute which authorizes a party to embody, in a motion for a new trial, mistakes of the court not

before excepted to, gives that privilege as to substantial matters charged, but not as to formal matters connected with the delivery of the charge." With respect to an alleged error in the selection of the jury, in the case of *Alexander* v. *U. S.*, 138 U. S. 353, 11 Sup. Ct. Rep. 350, the court used the following language: "But the decisive answer to this assignment is that the attention of the court does not seem to have been called to it until after the conviction, when the defendant made it a ground of his motion for a new trial. It is the duty of counsel seasonably to call the attention of the court to any error in impaneling the jury, in admitting testimony, or in any other proceeding during the trial by which his rights are prejudiced, and, in case of an adverse ruling, to note an exception." The failure of the court to require the stenographic reporter to take down its charge was undoubtedly an oversight, and, relating as it does, to matter of form, and the defendant and his counsel being present, we must regard the defendants' right to insist upon the error as waived by the failure of his counsel to object until after the verdict was rendered. The judgment of the court below is affirmed.

BARTCH, J., concurred.