THE PEOPLE OF THE TERRITORY OF UTAH, RESPONDENT, *v.* NELLIE BERLIN, APPELLANT.

1. CRIMINAL LAW.—INCONSISTENT CHARGES.—PRESUMPTION AS TO EFFECT.—Where inconsistent charges were given, one of which is erroneous, the jury is presumed to have followed that which is erroneous. Bartch, J., *dissenting*.

2. CHARGE.—GENERAL EXCEPTION.—A general exception to an entire charge is insufficient if any portion is correct. Per Bartch, J., *dissenting*.

(No. 449. Decided March 23, 1894. 36 P. R. 199.)

On rehearing. Granted. The former decision of this

court reversed, and the cause remanded to the court below for a new trial. For the former opinion of this court, per Zane, C. J. (Smith, J., *dissenting*), see 9 Utah, 383. (35 P. R. 498.)

'*Messrs. Lessinger & Beckwith*, for the appellant.

*Mr. W. L. Maginnis*, Assistant U. S. Attorney, for respondent.

MERRITT, C. J.:

In this cause, an opinion affirming the judgment of the district court was rendered by the late Chief Justice Zane, concurred in by Mr. Justice Bartch, on January 23d of the present year. On January 29th, a dissenting opinion was filed by Mr. Justice Smith. A petition for a rehearing was filed by the appellant, Berlin, which, by the court, was referred to me, who had succeeded Chief Justice Zane. The cause was originally submitted without oral argument, and the district attorney has asked that the matter be finally disposed of on the petition for rehearing. Owing to the peculiar character of the case, and the fact that conflicting opinions have already been filed, I have carefully examined the question presented by the appeal. The whole controversy arises upon the instructions given to the jury. I am fully convinced that the instructions may have misled the jury. The charge was certainly conflicting, as shown in the opinion of Mr. Justice Smith. The great weight of authority is to the effect that, where the charge is conflicting and is erroneous in a material part, the judgment must be reversed. In addition to the authorities to sustain this in the dissenting opinion of Mr. Justice Smith, I find that no court has gone further than our own. In the case of *People* v. *Hancock*, 7 Utah, 180, 25 Pac. 1093, this court, speaking by Justice Miner, says: "Where conflicting charges are given, one of which is

erroneous, it is to be presumed that the jury may have followed that which is erroneous." An examination of that case will show that the conflict there under consideration was in the charge relative to the character of the defendant, and not in relation to the circumstances of the charge against the defendant at all; and yet that case was reversed on account of this conflict. I am of the opinion that a rehearing should be granted, and the decision should be reversed, and the case remanded for a new trial. It is therefore ordered that the former judgment of this court be set aside, and that the judgment of the district court be reversed, and the cause remanded to the court below for a new trial.

SMITH, J. I concur in opinion and order.

BARTCH, J. *(dissenting)*:

I do not agree with the majority opinion, overruling the former decision of this court, on the petition for a rehearing. It is evident, upon an examination of the case, and of the authorities controlling it, that the record presents no case for reversal. The only material question to be considered is whether an exception to an entire charge is sufficient to present a case for review on appeal. It appears to me that the opinion of Chief Justice Merritt proceeds in disregard to the old and well-established rules under which appellate courts will review the instructions of trial courts. No particular sentence or passage or portion of the charge was excepted to. Nor does the record show that any exception was taken to it on the ground of being misleading or conflicting. Nor was the trial court's attention called to any error or misstatement or omission, or supposed error or misstatement or omission, which the defendant claims to be objectionable. In total disregard of fairness to the trial court, the defendant, as appears

from the record, calls attention to objectionable matter in the charge, for the first time, in the appellate court. Nor is it fair to the appellate court that it should search through an entire charge to ascertain some error, real or supposed, to which the attention of the trial court has never been directed. The exception reads as follows: "We except to each and every one of the instructions given by the court to the jury." This is simply a general exception, which should avail the party nothing, unless the whole charge is wrong. I understand the rule to be that, where a portion of the charge of the court is correct, a general exception to the entire charge will present no question for review on appeal, and that an exception, to be of avail in an appellate court, should be strictly confined to the specific matter which is the subject of the complaint, and the judge's attention called thereto, so that an opportunity may be afforded him to make a correction.

In this case no portion of the charge appears to be objectionable, even to the defendant, except that quoted in the dissenting opinion of Mr. Justice Smith. 35 Pac. 499. In reading the portion therein quoted, however, the word "this" before the words "fraud, deceit, or trickery" should be eliminated, as it changes the meaning of the sentence, and was not a part of the charge as shown by the record; and the words "when established" should be inserted after the word "facts," and before "are sufficient." Whatever of technical criticism may be applicable to the portion thus quoted, it can hardly be successfully contended that the court, in the remaining passages of the charge, did not apply the law fairly and correctly to the case. Some of the propositions stated were absolutely correct, and the one claimed to be erroneous was immediately followed by another, in which the law was correctly stated. Reading all of the passages together, as the jury must have understood them, I do not believe that the jury was mis-

led, and certainly no such error is presented as can be reached by a general exception. In his opinion reversing the former decision of this court, Mr. Chief Justice Merritt says: "The whole controversy arises upon the instructions given to the jury. I am fully convinced that the instructions may have misled the jury." It occurs to me. that this is the most that can be said against the charge, —that it ".may have misled the jury;" but is it not quite improbable that it produced such an effect when, under the circumstances of this case, we take into consideration the fact that counsel for defendant themselves failed to notice or specify any error at the time of its rendition? If counsel thought there were any conflicting or contradictory passages, or that there was a possibility of the jury being misled, then it was their duty to the defendant to direct the attention of the judge to the objectionable matter, so as to enable him to make the correction. This was a duty, not only to the defendant, but to the people as well, for the people should not be put to the expense of a new trial unless an injustice was done the defendant without fault on her part. To my mind, it seems clear that no one was misled by the charge, that the jury did not believe the testimony of the defendant, but, on the contrary, believed her guilty of the crime charged; and that it never occurred to counsel that the jury was misled until, with the record before them, they were determining upon some ground for a reversal.

This is a case where one alleged objectionable proposition, among several others which state the law correctly, with a single exception running to them all as an entire charge, is held to be a sufficient ground for review in an appellate court. Such is not the recognized rule in courts of last resort. Mr. Justice Story in *Carver* v. *Jackson*, 4 Pet. 1, states the rule thus: "If, indeed, in the summing up, the court should mistake the law, that would justly

furnish a ground for an exception. But the exception should be strictly confined to that misstatement, and, by being made known at the moment, would often enable the court to correct an erroneous expression, or to explain or qualify it, in such a manner as to make it wholly unexceptionable or perfectly distinct." This was quoted approvingly by Chief Justice Marshall in *Ex parte Crane*, 5 Pet. 190. In *Society* v. *Faulkner*, 91 U. S. 415, the court said: "Two or three passages of the charge, it must be admitted, are quite indefinite and somewhat obscure; but they are not more so than the exceptions of the defendants, which are addressed to nearly a page of the remarks of the judge, without any attempt to specify any particular paragraph or passage as the subject of complaint; nor does the assignment of errors have much tendency to remove the ambiguity. Instructions given by the court to the jury are entitled to a reasonable interpretation; and they are not, as a general rule, to be regarded as the subject of error on account of omissions not pointed out by the excepting party." In that case the exception extended to less than a page of the remarks of the judge. Is not the reason of the rule much stronger where, as in the case at bar, the exception is addressed to the entire charge ? In *Beaver* v. *Taylor*, 93 U. S. 46, Mr. Justice Hunt stated the rule as follows: "If the entire charge of the court is excepted to, or a series of propositions contained in it is excepted to in gross, and any portion thus excepted to is sound, the exception cannot be sustained." And in *Block* v. *Darling*, 140 U. S. 234, 11 Sup. Ct. 832, the supreme court, speaking through Mr. Justice Harlan, laid down the law as follows: "The general exception 'to all and each part of the foregoing charge and instructions' suggests nothing for our consideration. It was no more than a general exception to the whole charge. The court below was entitled to a distinct specification of the matter

whether of fact or of law, to which objection was made." It will be noticed that the exception here referred to is almost identical with the one under consideration.

The latest expression upon this subject, by the supreme court of the United States, which has come to my notice, is found in the case of *Hicks* v. *U. S.*, 14 Sup. Ct. 144. It was a case of murder from the western district of Arkansas, and Mr. Justice Shiras, delivering the opinion of the court, said: "It is urged in the brief filed for the government that the exception which is the subject of the first assignment of error should not be considered by this court, because it embraces too large a portion of the judge's charge; and cases are cited in which this court has censured wholesale exceptions to a charge. It is justly said that the exception ought to be so precise and pointed as to call the attention of the judge to the particular error complained of, so as to afford him an opportunity to correct any inadvertence, in form or substance, into which he may have fallen." In that case the assignment of error was to one passage of the judge's charge; and the court held that the entire passage was necessary to enable them to form a just view of the error complained of, and therefore considered the exception, and reversed the case; but Mr. Justice Brewer, even under the circumstances of that case, in an exhaustive dissenting opinion, concurred in by Mr. Justice Brown, maintained that the exception was insufficient, and ought not to be considered. In the case of *Dick* v. *State*, 87 Ala. 61, 6 South. 395, which was a case of rape, the court said: "The exception is 'to the giving of each of which the defendant then and there severally excepted.' We have many times ruled that an exception thus reserved is equivalent to a general exception to the whole charge, and will not be considered by us, unless the charge is faulty in each principle it asserts."

In *Thomas* v. *State,* 84 Ga. 613, 10 S. E. 1016, a case of murder, the court said: "The ninth ground of the amended motion excepts to the entire charge of the court, and of course we cannot consider an exception of this kind." A similar rule was announced by this court in *Nelson* v. *Brixen,* 7 Utah, 454, 27 Pac. 578, by Mr. Justice Anderson, who said: "No exceptions were taken, except in these words: 'Exception to the charge by the defense.' Under such a wholesale exception as this, if any part of the charge is correct, it is sufficient to sustain the entire charge." And see *Marks* v. *Tompkins,* 7 Utah, 421, 27 Pac. 6; *Railway Co.* v. *Jurey,* 111 U. S. 584, 4 Sup. Ct. 566; *Geary* v. *People,* 22 Mich. 220; *Robinson* v. *Railroad Co.,* 48 Cal. 409; *State* v. *Brabham* (N. C.), 13 S. E. 217; *Banbury* v. *Sherin* (S. D.), 55 N. W. 723; *Decker* v. *Matthews,* 12 N. Y. 313; *Pinson* v. *State* (Fla.), 9 South. 706; *Curry* v. *Porter,* 125 Mass. 94; *Brooks* v. *Dutcher,* 24 Neb. 300, 38 N. W. 780; *Edwards* v. *Smith,* 16 Colo. 529, 27 Pac. 809; *Maling* v. *Crummey,* 5 Wash. 222, 31 Pac. 600; *Thompson* v. *State* (Tex. Cr. App.) 22 S. W. 979; *Rowell* v. *Fuller's Estate,* 59 Vt. 688, 10 Atl. 853. Such I understand to be the rule in all appellate courts, and in furtherance of justice it ought to be strictly adhered to. No good reason is presented why the case at bar should be made an exception.

It is contended that section 5091, Comp. Laws Utah 1888, changes the rule in criminal cases. It reads as follows: "When written charges have been presented, given, or refused, the questions presented in such charges need not be excepted to or embodied in the bill of exceptions; but the written charges or the report, with the indorsements showing the action of the court, form part of the record, and any error in the decision of the court thereon may be taken advantage of on appeal, in like manner as if presented in a bill of exceptions." It is

clear that this law refers to the written requests which either party to a suit may prepare and submit to the court, to be given to the jury, and, when refused, they need not be excepted to. It does not refer to the charge which the court may give of its own motion. This section of our law is the same as section 1176 of the California Penal Code, which is a re-enactment of section 438 of the old criminal practice act of that state. This last section received a construction by the supreme court of California in *People* v. *Hart,* 44 Cal. 598, similar to that above indicated. *People* v. *Flahave,* 58 Cal. 249, 253. The rule, therefore, relating to the charge given by a trial court of its own motion, remains unchanged, and should be strictly enforced. For these reasons I dissent.