## PEOPLE OF THE TERRITORY OF UTAH, RESPONDENT, v. THOMAS HART, APPELLANT.

1. CHARGE TO JURY.—GENERAL EXCEPTION.—A general exception to the entire charge of the court to the jury is insufficient to warrant its review. *People* v. *Berlin*, *ante* (36 P. R. 199), distinguished, and the dissenting opinion of Bartch, J., on this point, followed.

2. HOUSE-BREAKING.—RECENT POSSESSION OF STOLEN PROPERTY.— PRESUMPTION.—2 Comp. Laws 1888, § 5198, provides that defendant's refusal to testify can in no manner prejudice him. On a trial for house-breaking where it is shown that a pistol, taken from the house broken into, was found in defendant's possession six hours later, the fact that defendant makes no statement explaining his possession of the pistol, raises no presumption against him.

3. INSUFFICIENCY OF EVIDENCE TO WARRANT A CONVICTION.—On a trial for house-breaking, the fact that a pistol taken from the house broken into is found in defendant's possession six hours later, is in itself insufficient to warrant a conviction.

(No. 510. Decided June 19, 1894. 37 P. R. 330.)

APPEAL from the District Court of the Third Judicial District, Hon. Samuel A. Merritt, *Judge.*

Thomas Hart was convicted of house-breaking, and appeals. *Reversed.*

Mr. *S. P. Armstrong*, for appellant.

Mr. *Andrew Howatt*, Assistant U. S. Attorney, for respondent.

MINER, J.:

The indictment in this case charges the defendant with the crime of house-breaking, by unlawfully entering the

dwelling room of Casper Bessler, in the Telluride block, Salt Lake City, with intent to steal. The testimony shows that Bessler occupied the room in question, in a building where there were many other occupants of separate rooms in the building. The landlady of the house kept a key to Bessler's room. During Bessler's absence the room was entered, and a pistol was taken therefrom. About six hours after such entry the defendant was arrested on suspicion of having committed some other offense, and was charged with carrying concealed weapons. At the time of his arrest there was found upon his person a pistol, afterwards identified as the pistol previously taken from Bessler's room, and he was thereupon charged with the offense of house-breaking, embraced in the indictment. The defendant pleaded not guilty. Upon the trial he did not go upon the witness stand to explain his possession, and at no time did he make, or refuse to make, any explanation of his possession of said pistol; and no evidence was in any manner introduced upon the trial, showing or tending to show the guilt of the defendant, or of his connection with said crime charged, except the naked fact that the pistol was found in his possession, as stated. The defendant was convicted, and alleges error in the instructions of the court given on its own motion, its refusal to give the defendant's requests, and also the insufficiency of the evidence to justify the verdict of guilty; that the verdict is against the law, in that the naked possession of the revolver was the only circumstance tending to show guilt.

To the instructions given on the court's own motion, there is only a general exception taken to the entire charge; and no specific part of such charge of the court upon its own motion is excepted to, or pointed out, as erroneous. We think this general exception to the entire charge of the court wholly insufficient to warrant the court in reviewing it. This rule is established in nearly

every state in the Union, and the rule applies to civil as well as criminal cases; and our statute (section 5091, Comp. Laws 1888), like that of California, does not change the rule. *People* v. *Hart*, 44 Cal. 598; *People* v. *Flahave*, 58 Cal. 249, 253; *Nelson* v. *Brixen*, 7 Utah, 454, 27 Pac. 578; *Marks* v. *Tompkins*, 7 Utah, 421, 27 Pac. 6; *Railway Co.* v. *Jurey*, 111 U. S. 584, 4 Sup. Ct. 566; *Geary* v. *People*, 22 Mich. 220; *Robinson* v. *Railroad Co.*, 48 Cal. 409; *State* v. *Brabham* (N. C.), 13 S. E. 217; *U. S.* v. *Gough*, 8 Utah, 428, 32 Pac. 695; *Banbury* v. *Sherin* (S. D.), 55 N. W. 723; *Decker* v. *Matthews*, 12 N. Y. 313; *Pinson* v. *State* (Fla.), 9 South. 706; *Curry* v. *Porter*, 125 Mass. 94; *Brooks* v. *Dutcher*, 24 Neb. 300, 38 N. W. 780; *Edwards* v. *Smith*, 16 Colo. 529, 27 Pac. 809; *Maling* v. *Crummey*, 5 Wash. 222, 31 Pac. 600; *Thompson* v. *State* (Tex. Cr. App.), 22 S. W. 979; *Rowell* v. *Fuller*, 59 Vt. 688, 10 Atl. 853; *Dick* v. *State*, 87 Ala. 61, 6 South. 395; *Beaver* v. *Taylor*, 93 U. S. 46; *Block* v. *Darling*, 140 U. S. 234, 11 Sup. Ct. 832; *Hicks* v. *U. S.*, 14 Sup. Ct. 144; *Carver* v. *Jackson*, 4 Pet. 1; *Ex parte Crane*, 5 Pet. 190; *People* v. *Berlin* (Utah), 36 Pac. 199; *Society* v. *Faulkner*, 91 U. S. 415.

Section 5091, Comp. Laws 1888, is the same as section 1176 of the California Penal Code, which is a re-enactment of the old Penal Code of that state. Construing this section, the supreme court of California, in *People* v. *Hart*, 44 Cal. 598, holds that this provision of the statute refers to the written requests or instructions which either party may present, and requests to be given to the jury by the court, and does not refer to the charge which the court may give on its own motion. See, also, *People* v. *Flahave*, 58 Cal. 253. In the case of *People* v. *Berlin*, 9 Utah, 383, 35 Pac. 498, wherein the facts are set out, it appears that a general exception was taken to the entire charge of the court, but the particular part of the charge excepted to was in no way pointed out. The court affirmed the judg-

ment of conviction. Upon a rehearing of the same case the judgment was set aside by a majority of the court, without noticing this omission, or referring to it, in the opinion. 36 Pac. 199. Judge Bartch dissented from this last opinion, and gave his reasons at length; one of his reasons being that, as no specific exception was taken to the charge of the court, it could not be considered. This important fact seemed to have been overlooked by the court in that opinion, and we call attention to it now so that no misunderstanding or confusion may arise from what otherwise might be considered a conflicting opinion. This court is of the opinion that in the dissenting opinion of Judge Bartch the law upon this point in that case was correctly stated. *Hammer* v. *Bank,* 9 Utah, 215, 33 Pac. 941.

The assignment of error alleging the insufficiency of the evidence to justify a verdict of guilty presents a serious question for consideration. There is no evidence in the case in any manner connecting the defendant with the larceny or house-breaking, except the possession of the pistol some time after the alleged larceny. The prosecution admit this, but claim that inasmuch as the defendant chose to remain silent, and pleaded "Not guilty," and made no explanation of his possession, these facts make a presumption against him which justifies the verdict. There are some cases which seem to carry this conclusion, but in many of those cases it appears from the facts that there was other testimony tending, in some reasonable degree, either to connect the party with the larceny, or tending to show a false account given by the prisoner as to the manner of his possession. Under our statute the prisoner was not required to take the stand as a witness, nor is he compelled to be a witness against himself. "His refusal to be a witness, cannot in any manner prejudice him, nor be used against him on the trial or proceeding." Section

5198, Comp. Laws 1888. If the defendant chose to make a voluntary statement concerning his possession of the property, it was his privilege to do so; but in remaining silent he brought upon himself no presumption of guilt, any more than if he had declined to be sworn as a witness in his own behalf. The defendant had a perfect right to remain mute, and no adverse presumption could arise against him because he did not take the stand and testify as a witness.

In the case of *People* v. *Swasey,* 6 Utah, 93, 21 Pac. 400, this court held that: "If stolen property had been found in the defendant's possession immediately after the loss, such possession might have been a circumstance to be taken into consideration by the jury, with other circumstances, in arriving at a conclusion as to the guilt or innocence of the defendant, but of itself it was not sufficient. It seems to be an established doctrine, especially in this western country, that in larceny the recent possession of stolen property is not of itself sufficient to warrant a conviction." In the case of *People* v. *Chadwick,* 7 Utah, 144, 25 Pac. 737, this court held that, in a charge of larceny, "if the fact of such possession stands alone, and wholly unconnected with any other fact or circumstance, the presumption of guilt will be slight. Therefore, it is not considered safe to convict on the fact of possession alone, without other attending circumstances indicative of guilt." Whart. Cr. Ev. (9th ed.) § 763; 3 Greenl. Ev. § 31.

We do not think there was sufficient evidence before the jury to justify a conviction of larceny, had that offense been charged in the indictment; and we are also of the opinion that the naked possession of stolen property from 6 to 24 hours after the larceny or house-breaking, when unaccompanied with any other criminating fact or circumstance tending in some degree to connect the accused with

the commission of the offense charged, is not sufficient evidence, of itself, upon which to convict of house-breaking. The offense of house-breaking is ordinarily removed one degree further from the act of larceny, and the mere possession of stolen goods does not have the same tendency to connect ·the accused with the burglary or house-breaking as it would with larceny. *State* v. *Shaffer,* 59 Iowa, 290, 13 N. W. 306; *Stuart* v. *People,* 42 Mich. 261, 3 N. W. 863; *People* v. *Frazier,* 2 Wheeler, Cr. Cas. 55; *Davis* v. *People,* 1 Parker, Cr. R. 447; *Jones* v. *People,* 6 Parker, Cr., R. 126; *State* v. *Rivers,* 68 Iowa, 611, 27 N. W. 781; 3 Greenl. Ev. § 31; *Methard* v. *Ohio,* 19 Ohio St. 363; *State* v. *Jones,* 19 Nev. 366, 11 Pac. 317; 2 Am. & Eng. Enc. Law, 693; *People* v. *Ah Ki,* 20 Cal. 178; *Ingalls* v. *State,* 48 Wis. 647, 655, 4 N. W. 785; 2 Bish. Cr. Proc. § 747, note 3; *People* v. *Mitchell,* 55 Cal. 236; *People* v. *Levison,* 16 Cal. 99; *People* v. *Chambers,* 18 Cal. 382.

The fact of recent possession of the stolen property was a pertinent and proper fact to go to the jury, as a circumstance in the case, and if accompanied with such evidence as his denial of possession; his giving false, incredible, or contradictory accounts of the manner of acquiring it; his attempting to conceal it, or to destroy marks upon it; his fleeing on being accused; or being so near to the place where the property was stolen, or the building entered, as to create criminating circumstances against him,—such and other like circumstances, when shown in connection with the possession, the larceny, or house-breaking, may raise a strong presumption of guilt in the exclusive possessor. In this case there is a total absence of any other corroborating or criminating circumstance, and we think there was not sufficient evidence before the jury to justify the verdict in this case. The judgment of the court below is set aside, and a new trial granted.

14

BARTCH, J., concurs.

SMITH, J. I concur in the judgment on the ground that the evidence was insufficient to warrant a verdict of guilty.