WILLIAM LOWE, RESPONDENT, *v.* SALT LAKE CITY, APPELLANT.

DANGEROUS PREMISES—INJURY TO TRESPASSER—NONSUIT—TRIAL —EXCEPTIONS TO INSTRUCTIONS.

1. Plaintiff undertook to cross the back yard of the city hall while lawfully on the premises, as a legislator, at night. He strayed from the path leading directly from the back door to an outhouse, fell into a hatchway, and was injured. It appeared that the defendant had been negligent in not providing the usual light for the yard, and had taken no precautions to warn persons going into the yard, and provided no means to prevent persons from falling into said hatchway. *Held*, that the defendant was liable. *Held*, further, that if a person who has been injured through the negligence of defendant, while committing a trespass, shows that he did not know he was trespassing, or that the trespass was purely technical, and only such as he might reasonably suppose defendant would permit without objection, recovery will not be prevented by reason of such trespass.

2. The trial judge may refuse to grant a nonsuit unless he can assume as true all facts which could properly be found by a jury from the evidence, and then, after giving the plaintiff the benefit of every fair and legitimate inference and intendment which can arise from the evidence, say that the plaintiff has still failed to prove his case.

3. Exceptions to a charge given by the court to the jury, to avail in an appellate court, in a case where any portion of the charge is correct, should be strictly confined to the objectionable matter, and the judge's attention called thereto at the time of the delivery of the charge. The case of *People* v. *Berlin*, 36 Pac. 199, 10 Utah, 39, so far as it is in conflict herewith, is disapproved.

(No. 605. Decided March 24, 1896. 44 P. R. 1050.)

Appeal from the district court of the Third judicial district, Territory of Utah, Hon. S. A. Merritt, *Judge.*

Action by William Lowe against Salt Lake City for damages sustained by his falling into a hatchway while crossing the back yard of the city hall at night. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*E. D. Hoge* and *W. G. Van Horne,* for appellant.

Having gone where he had no right to go, plaintiff became a trespasser, and cannot recover in this action. 1st Adison on Torts, par. 229, p. 254; Bishop Non-Contract Law, sec. 866; *B. & O. R. R. Co.* v. *Schwindler,* 101 Pa. St. 258, and cases cited in the opinion to the case.

On page 262 of this case the court says: "The plaintiff may not have been technically a trespasser, but he was where he had no legal right to be."

So, in this case, the plaintiff had a right to the use of the urinal, and to the extent of going to and from the outhouse, the right to cross the yard by the path leading to same, and when he left that path and went in almost an opposite direction, he was where he had no legal right to be.

In 25 Mich., *Hargreaves* v. *Deacon,* page 1, uses this language: "We have found no support for any rule which would protect those (child or adult) who go where they are not invited (or have no right to go), but merely with express or tacit permission, from curiosity, or motives of *private convenience,* in no way connected with business or other relations with the occupant." *McKone* v. *Michigan Cent. R. R. Co.,* 51 Mich. 601.

While we concede that the respondent had the right to pass into the back yard and use the urinal or backhouse, he had no right to the entire yard, or to travel over any part of it, other than the path leading to and from the urinal or backhouse. Adison on Torts, 1st vol.,

par. .229, p. 254; Bishop Non-Contract Law, sec. 266, and cases above cited; *Zoebiesch* v. *Tarbell*, 10 Allen, 365; 57 Ills. 393.

The doctrine as laid down by Adison we believe to be fundamental, to wit: "A person who strays from the ordinary approaches to the house, and trespasses upon the adjoining land, where there is no path, has no remedy for any injury he may sustain from falling into unguarded wells or pits, as the injury is the result of his own carelessness and misconduct."

*Miner & Hiles*, for respondent.

The law being that the owner of a building is bound, so far as the exercise of ordinary care will enable him so to do, to keep it in such condition that it will not, by any insecurity or insufficiency for the purpose to which it is put, injure a person rightfully in or around or upon it. *Ryder* v. *Kinsey* (Mich.), 64 N. W. 94.

The courts hold that it is culpable negligence to leave a pit, or other excavation, in such an unguarded state as to cause injury to a person having a right to be upon the premises, and using that right with ordinary care. Sherman and Redfield on Negligence, 599.

The supreme court of California, in *Malloy* v. *Hibernia Sav. & Loan Soc.*, 21 Pac. 525, holds that leaving an unprotected cesspool within ten feet of a public highway, while improvements were being made on the property, will render the owner of the premises liable for the death of a child who wanders from the street into the lot and is drowned in the pool. See *Lepnick* v. *Gaddis*, 26 L. R. A. 690; *Birge* v. *Gardiner*, 19 Conn. 512.

A verdict will not be disturbed on appeal, where there is evidence tending to prove each fact necessary to support it, although the appellate court might have come to

a conclusion different from the jury, upon the whole evidence. *Rouse* v. *Youard*, 41 Pac. 427.

This is true, even though the one complaining of an injury has knowledge of the existence of the defect causing it and is actually looking for such defect at the time of the injury, and is injured thereby. Under such circumstances the question of negligence is one for the jury and not for the court. *Pettman* v. *City of El Reno*, 37 Pac. 851; *Olsen* v. *City of Chippewa Falls*, 37 N. W. 575; *Malby* v. *City of Leavenworth*, 28 Kansas 747; *Corlett* v. *Same*, 27 Kansas 773.

The jury having found that the appellant was guilty of negligence and having failed to find that the respondent was guilty of contributory negligence, this court will not disturb such a finding, for the reason that in actions for damages for alleged negligence, the question of negligence on the part of the defendant and of contributory negligence on the part of the plaintiff, is a mixed question of law and fact, to be decided by the jury, under proper instructions from the court. *Cleveland Railway Co.* v. *Crawford*, 15 Am. Rep. 633.

BARTCH, J.:

This action was brought to recover damages for personal injuries alleged to have been sustained by the plaintiff because of the negligence of the defendant. It is admitted in the record that the defendant rented a portion of the city hall to the legislature, as a legislative chamber, for the purpose of holding its session in 1889 therein, and received rent for the same, and that the legislature was rightfully there. The material facts shown by the evidence are, in substance, that the defendant was the owner and occupant of the premises in question, at the time in question; that the plaintiff was a member of the legislature, and was rightfully on the premises,

attending a session thereof, on the night of the 10th of
March, 1890, when the accident happened; that there was
an outhouse in the rear of the premises, back of the city
jail; that said outhouse, at the time of the accident, was
in a very filthy condition, unfit for use, and was locked
up, and the key kept in some office in said hall, but the
plaintiff did not look for it; that plank steps led from the
hallway of the city hall building to the ground in the
jail yard; that there was a light in the hallway, but none
in the jail yard, although it was the duty of the city
jailer to light one on the northwest corner of the jail,
and because of his failure to do so it was dark in said
yard; that the hatchway was 10 to 14 feet west of said
steps, was connected with the building, was about 5 feet
deep, 4 feet wide, and extended south from the main
building about 12 feet, having cap-stones on top of the
edges, which were on a level with the ground, and was
entirely unprotected by railing, cover, or otherwise; that
on the night in question it was dark, and the plaintiff
had occasion to go into said yard to urinate; that he went
out by said steps, turned west, fell into said hatchway,
and was seriously injured. There is no evidence to show
that the defendant notified the plaintiff of the existence
of the hatchway, or that the plaintiff knew of its exist-
ence before the accident. The jury returned a verdict in
favor of the plaintiff in the sum of $500. A motion for a
new trial having been overruled, and judgment on the
verdict entered, the defendant appealed from both the
order overruling its motion for a new trial and from the
judgment.

Counsel for the appellant, in their brief, concede that
the respondent had the right to pass from the city hall
building into the rear yard, but limit said right to a path
leading from the hall to the outhouse, and insist that
when he turned away from the path he became a tres-

passer, and therefore could not recover. There is, how-
ever, nothing in the pleadings or evidence which shows
such a limitation of the respondent's right to use said
yard. It is admitted that the legislature was rightfully
holding its sessions in the building, having rented it for
that purpose from the defendant, and the respondent was
a member of the legislature, and in the performance of
his public duties, at the time of the accident. The yard
was appurtenant to the hall, and in the absence of any
restrictions, the members of the legislature had a right to
make a proper use thereof; and from the circumstances
surrounding this case, we cannot say that the respondent
was attempting to make an unlawful use of it, and was
a trespasser. Nor can we say that he was at the time of
the accident where he had no legal right to be, as is con-
tended by counsel. The authorities cited in support of
this contention are not applicable to the facts and cir-
cumstances of this case. We think that the leaving of the
hatchway in an unguarded and unprotected condition by
the defendant, as shown by the evidence, and the failure
to have any light in the yard by which its condition could
be seen, was such negligence as rendered it liable for
any injury which was caused thereby. While the owner
or occupant of premises is not an insurer of them against
accidents from their condition, still, so far as he is able
to do so by the exercise of ordinary care and vigilance,
he is bound to keep them in such a condition that persons
who are rightfully using them will not be injured by any
insecurity or insufficiency for the purpose to which they
are put. If such owner or occupant fails in his duty in
these regards, he becomes a wrondoer, and as such will
be liable for any injury which results as a natural con-
sequence from his misconduct, and which might reason-
ably have been anticipated as likely to occur as a natural
and probable result thereof. 2 Shear. & R. Neg. § 702;

*Ryder* v. *Kinsey* (Minn.), 64 N. W. 94; *Ransier* v. *Railway Co.*, 32 Minn. 331, 20 N. W. 332; *Mullen* v. *St. John*, 57 N. Y. 567. So the law is well settled that the owner or occupant of premises is liable in damages to persons coming thereon, using due care, at his invitation or inducement, express or implied, on business to be transacted with or permitted by him, for an injury caused by the unsafe condition of such premises, known to him, and not to them, and which, through negligence, he suffered to exist without notice to them. *Bennett* v. *Railroad Co.*, 102 U. S. 577; *Carleton* v. *Steel Co.*, 99 Mass. 216; *Davis* v. *Congregational Soc.*, 129 Mass. 367; *Beck* v. *Carter*, 68 N. Y. 283; *Nickerson* v. *Tirrell*, 127 Mass. 236; *Hayward* v. *Merrill*, 94 Ill. 349. In the case at bar the defendant, by invitation, and leasing of the premises, induced the respondent to come upon them for a legitimate purpose, knowing their dangerous condition, without giving him notice thereof. It was therefore liable to him for the injury, in the absence of contributory negligence on his part.

Even if the contention of counsel for the appellant that at the time the respondent received the injury he was a trespasser, and was where he had no legal right to be, were conceded, that fact alone would not defeat his action, as matter of law, especially if he was not guilty of negligence which contributed to the injury. If a person who has been injured, through the negligence of the defendant, while committing a trespass, shows that he did not know that he was trespassing, or that the trespass was purely technical, and only such as he might reasonably suppose the defendant would permit without objection, and that in fact it did not cause any appreciable annoyance or injury to the defendant, then his recovery will not be prevented by reason of such trespass. Nor although it may be a circumstance tending to show want of proper care, will it, in itself, be sufficient to convict

him of contributory negligence. In such case, after the presence of such person is known to the defendant, he is bound to exercise ordinary care to avoid injury to him. Shear. & R. Neg. §§ 97, 98; *Marble* v. *Ross*, 124 Mass. 44; *Daley* v. *Railroad Co.*, 26 Conn. 591; *Brown* v. *Lynn*, 31 Pa. St. 510.

We think the error assigned on the admission of evidences is not well taken. Nor do we think the court erred in refusing to grant the motion for a nonsuit. It is clear that the evidence of the plaintiff was of such a character that the court could not say that the defendant was not guilty of negligence which caused the injury. When a motion for nonsuit is interposed, it becomes the duty of the court to assume as true all facts which could be properly found by a jury from the evidence, and then, after giving the plaintiff the benefit of every fair and legitimate inference and intendment which can arise from the evidence, in order that the court may grant the motion it must appear that the plaintiff still has failed to prove his case. Before the question of negligence becomes one of law, for the court, the facts shown by the evidence must be such that all reasonable men must draw the same conclusions from them. If the facts proven are such that reasonable men may fairly differ as to whether or not there was negligence, the question is one for the jury to consider. *Railway Co.* v. *Ives*, 144 U. S. 408, 12 Sup. Ct. 679; *Railroad Co.* v. *Converse*, 139 U. S. 469, 11 Sup. Ct. 569; *Wines* v. *Railway Co.*, 9 Utah 228, 33 Pac. 1042; *Wallace* v. *Railroad Co.* (Or.), 37 Pac. 477; *Smith* v. *Railway Co.*, 9 Utah 141, 33 Pac. 626. In this case the admission in the pleadings, and the testimony of the plaintiff, tend to establish the facts above set forth. Assuming them to be true, in accordance with the principles stated, they clearly present such a question of negligence that reasonable men might differ in their conclusions drawn from

them. The determination of the question was therefore one for the jury, and the court properly denied the motion for a nonsuit.

The remaining error assigned relates to the instructions of the court to the jury. No exception was taken to the charge at the time of its rendition, nor is there any shown by the transcript. The first time that any exception appears is in the abstract, and then only to large portions of the charge, without reference to the particular matter which is the subject of complaint. Under the circumstances the error here assigned presents no question for review on appeal. An exception, to be of avail in an appellate court, should, in a case where any portion of the charge is correct, be strictly confined to the objectionable matter, and the judge's attention called thereto, at the time of the delivery of the charge, so that an opportunity may be afforded him to make a correction. The writer of this opinion cited numerous authorities on this subject in his dissenting opinion in the case of *People* v. *Berlin*, 10 Utah 39, 41, 36 Pac. 199; and on this question the case of *People* v. *Hart*, 10 Utah 204, 37 Pac. 330, wherein said dissenting opinion was referred to and adopted as a correct statement of the law on this point, is reaffirmed. The majority opinion in *People* v. *Berlin*, so far as it is in conflict herein, is disapproved. See, also, *Marks* v. *Tompkins*, 7 Utah 425.

We think there is no reversible error in the record of this case. The judgment is affirmed.

ZANE, C. J., concurs.