## CHARLES BURGESS, RESPONDENT, v. SALT LAKE CITY RAILROAD CO., APPELLANT.

1. *Negligence—Personal Injuries—Action for.*

B., at the middle of a block in a city, attempted to cross the street having two railroad tracks thereon, the street running east and west. When he started to cross, he looked for a west-bound car, but not for an east-bound car. The west-bound car approached, and stopped, and B. told the conductor to "Go on," and stepped behind that car across the space between the tracks, onto the next track, and was struck by an east-bound car, and knocked down. There is evidence to show that, after the car which struck B. was brought to a stop, it was again started, and moved a foot or two, thereby injuring B.'s foot. The motorman of the car, upon discovering B.'s perilous condition, did all he could to stop the car, which was running at a low rate of speed. In an action brought by B. against the street-car company for personal injuries received at the time of the occurrence, *held*, that B. was not entitled to recover for any injuries sustained by his first collision with the car; that if he had any right of recovery, it was for injuries which he received, if any, after the car had come in the first instance to a full stop; that it was error for the court to refuse charge the jury that the plaintiff could not recover for any injury sustained by him prior to the time when the car was first brought to a full stop after the collision.

2. *Same—Negligence—When Question of Law.*

Where, in an action for personal injuries, alleged to have been caused through negligence, the facts shown by the evidence are such that all reasonable men must draw the same conclusion from them, the question of negligence becomes one of law for the court.

3. *Crossing Streets—Care—Degree of.*

A person, in crossing a street having street-car tracks thereon, is bound to exercise the same degree of care which it is incumbent upon the railroad company to exercise.

(No. 917. Decided June 15, 1898.)

Appeal from district court, Salt Lake county, W. N. Dusenberry, *Judge.*

Action by Charles Burgess against the Salt Lake City Railroad Company. From a judgment for plaintiff, defendant appeals. *Reversed.*

*E. B. Chritchlow,* for appellant.

*James A. Williams* and *John W. Burton,* for respondent.

BARTCH, J.:

This is an action to recover damages for personal injuries alleged to have been sustained by the plaintiff, through the negligence of the defendant company. At the trial the jury returned a verdict in favor of the plaintiff, and the defendant prosecuted this appeal.

The evidence shows substantially that the injuries of which the plaintiff complains were received on December 4, 1894; that on the afternoon of that day the plaintiff, at a point opposite the Cullen hotel, on Second South street, Salt Lake City, started to cross the street, which extends east and west, having two street-car tracks thereon at that point, and the motorman of a west-bound street car, seeing him, stopped the car, thinking the plaintiff wanted to get on; that the plaintiff had in his hands a transfer ticket, which he handed to the conductor of the car, and, on being asked whether he wanted the car, the plaintiff replied, "No, go on;" that he, being in a hurry to cross the street, immediately stepped around behind the car, then across a space between the tracks, seven feet wide, and on the south track, where he was struck by an east-bound car, and injured; and that, when he started across the street, he looked for a west-bound car, but not for one bound east. The plaintiff, in his own behalf, testified: "I looked across the street, and there was a car com-

ing down west. They asked me if I wanted the car, and I said, 'No,' go on; and I waited, and as soon as I stepped out, the front of the other car knocked me down. That is all I know. It is perhaps seven or eight rods from the curb to the first car line that the cars run west on. I never made any measurement. I looked east to see whether there was a car coming,—whether there was a car coming from the east. I didn't look for a west car. I saw a car coming from the east, and went around it. It was just standing there, and I went around behind it, and stepped out,"—and further testified: "When I left the north side of the street, I didn't look anywhere, but I looked for the car. There was a car there. I didn't see any car coming from the west. I don't know as I looked. I didn't look to see the car. I have lived in Salt Lake twenty-five years. * * * I was in a hurry to go across the street to the Denver & Rio Grande ticket office." It further appears that the accident happened nearly midway between Main and West Temple streets, in the business portion of the city, and that, at the time the car struck the plaintiff, it was running at a rate of speed of three to four miles per hour. There is also evidence to the effect that, after the car was stopped, the motorman permitted it to move forward a short distance, a foot or so, and that thereby the plaintiff's foot was injured. So, there is some evidence to the effect that at the place of injury there are flagstones, laid flush with the paving blocks, a part of the way across the street, and some testimony tending to show a crossing there, and there is evidence which shows that the public cross at any place between Main and West Temple streets and that the cars stop at any place on that portion of the street, but at no place in particular, to take passengers on and off, not recognizing any crossing. The witness, McGurrin, testi-

fying in behalf of the plaintiff, said: "I noticed there were some flagstones laid in the center of the track going across north and south. Whether it would be called a crossing or not, I hardly know. *  .*   * I cannot say that I ever saw a person who wanted to cross the street go ten feet either east or west in order to get on that crossing.   I cannot say I ever saw a person going out on those flags to wait for a car, nor a lady cross upon those flags.   I have seen them cross everywhere.   I think the car moved after it stopped from half a foot to a foot, because I could see the whole car move." The motorman of the east-bound car observed the plaintiff before he disappeared behind the west-bound car, kept sounding the gong as he approached the west-bound car, and, upon discovering his perilous position in front of the car, he immediately applied the reverse motion, and stopped as quickly as possible.   The plaintiff had been a night watchman for 23 years, and knew the condition of the street, as to car tracks and otherwise, in the immediate vicinity of the occurrence.

Under this state of facts, the appellant, among other things, requested the court to charge the jury as follows: "The court charges you that the plaintiff cannot recover in this action for any injury sustained by plaintiff prior to the time when the car was first brought to a full stop, after the collision." This request was refused. As will be observed, we have referred to the testimony at considerable length. Our purpose has been to ascertain whether there is any evidence which justifies the refusal of this request, and the conclusion is irresistible that the abstract contains no legitimate proof which shows negligence on the part of the company before the point of time designated in the request. It is shown that the car, at the time of the accident, was running at a low rate of speed; that the motorman was at his proper place on the car,

sounded the gong, and, at the critical moment, did every-thing a prudent man could do to stop the car. Whether or not he afterward negligently started the car, and in-jured the plaintiff's foot, has nothing to do with the ques-tion raised by the request under consideration. The car appears to have been in proper condition and under con-trol; likewise the propelling power. Nor does it appear that the circumstances surrounding the occurrence were such that the motorman should have forseen that the plaintiff would step upon the track immediately in front of the moving car. Nor is there any evidence which tends to show that there is such a street crossing at the place of the accident as required the stopping of the car on approaching the crossing. On the other hand, the evi-dence shows that the plaintiff incautiously and heedlessly stepped upon the track, where he received the injury. In the hurry of the moment, he attempted to cross the street and track without exercising that care which a man of ordinary prudence ought to exercise under like circum-stances. Had he but used his senses it is clear that he could have avoided the accident. This it was his duty to do; and, having failed so to do, he cannot be heard to complain of any injury that resulted from the failure which was the proximate cause thereof. If he has any right of recovery, it must be for injuries which he re-ceived, if any, after the car had come, in the first in-stance, to a full stop; and, as to this, we purposely re-frain from expressing an opinion. If, under the facts and circumstances appearing from the record in this case, the plaintiff could recover for the injuries which he received from his first collision with the car, then, indeed, it would be difficult to conceive of a case in which a railroad com-pany would not be liable, however obvious the negligence of the injured party. As to the injuries which the plaint-

iff thus received, it would seem that no reasonable men could come to any other conclusion than that they are but the sequence of his own negligence. It was, therefore, idle for the court to submit the question whether or not he could recover for such injuries to the jury, for the law is well settled that an injured person cannot recover if the injury was caused by his own negligence, and that, where the facts shown by the evidence are such that all reasonable men must draw the same conclusion from them, the question of negligence becomes one of law for the court. *Lowe* v. *Salt Lake City*, 13 Utah 91; *Saunders* v. *Southern Pac. Co.*, 13 Utah 275; *Railway Co.* v. *Ives*, 144 U. S. 408; *North Pennsylvania R. Co.* v. *Commercial Nat. Bank of Chicago*, 123 U. S. 727.

The plaintiff, in crossing the street, was bound to exercise the same degree of care as that which it was incumbent upon the railway company to exercise.

In *Hall* v. *Railway Co.*, 13 Utah. 243, this court said: "As the company, however, is held to a degree of care commensurate with the circumstances of each particular case, so, likewise, is the citizen, for he cannot recklessly place himself in the way of danger, and then complain of injury. He is bound equally with the company to the exercise of a proper degree of care, skill and vigilance. He has no exclusive right to any particular portion of the street, any more than has the railway company. Ordinarily, he may walk or drive upon the track, or cross it; but because cars are designed to run only upon the track, he cannot heedlessly obstruct its passage without assuming the risk of injuries for which he may have no redress. The car has the right of way in case of meeting a person or vehicle on the track, but each party, in order to avoid accident, is bound to exercise ordinary care, and such reasonable prudence and precaution as the surrounding

circumstances may require." We are of the opinion that the court committed prejudicial error in refusing to charge as requested by the appellant on this point. Having arrived at this conclusion, it precludes the necessity of discussing the other questions presented in the record. The case is reversed and the cause is remanded, with directions to the court below to grant a new trial.

ZANE, C. J., and MINER, J., concur.