ANDREW H. SCOTT, RESPONDENT *v.* UTAH CONSOLIDATED MINING & MILLING COMPANY, A CORPORATION, APPELLANT.

PREPONDERANCE OF EVIDENCE—QUESTION FOR JURY—EXCEPTIONS TO CHARGE—MUST BE SPECIFIC—WHOLESALE EXCEPTIONS—NO AVAIL.

*Preponderance of Evidence—Question for Jury.*

There being evidence to show that fellow-servants of plaintiff were incompetent and that defendant was aware of their incompetency and negligent in their employment, the preponderance of the evidence was a question for the jury and this Court cannot say that the jury were not warranted in finding the defendant guilty of negligence.

*Exceptions to Charge—Must be Specific.*

Exceptions to the charge of a court must be sufficiently specific to call the court's attention to the objectionable matter, so that any inadvertence may be corrected. And an exception

"to that part of the charge containing plaintiff's request numbered 2," where the part referred to contains a page of printed matter, stating a number of propositions, is not sufficiently specific.

*Wholesale Exceptions—No Avail.*

Wholesale exceptions are of no avail on appeal unless the whole charge or instruction is erroneous.

( Decided February 28, 1899.)

Appeal from the 4th District Court, Utah County. Hon. W. N. Dusenberry, *Judge.*

Action by plaintiff to recover damages for personal injuries alleged to have been received by him through the negligence of defendant. From a verdict and judgment in favor of plaintiff, defendant appeals. *Affirmed.*

*Messrs. Bennett, Harkness, Howat, Bradley & Richards* for appellant.

The evidence is insufficient to support the verdict on the ground that the foreman omitted to inspect the ground for missed holes for the reason that the foreman owed the defendant no such duty. (Plaintiff was injured by the explosion of a missed hole in defendant's mine.)

Speaking of the place where he was injured and referring to a time immediately prior to the accident plaintiff says: "After clearing up we took a hammer and sounded the rock along the side to see if it was solid. I couldn't say whether I sounded it up in the corner or not, but I took a pick and picked it out a little bit to start a hole. Of course I didn't sound every place on it. I would take up the hammer and sound it; hit it a few taps; I couldn't say just where. I can't say that I sounded it in the corner; don't know whether I did or not. I decided the rock was solid. I couldn't pick it.

"Had the hole been reported to us by the foreman we would have looked for it until we found it. Unless we had some information we couldn't have found it. We couldn't see unless we stumbled onto it in some way; not if it had been five inches of where we started to drill."

Of course as against the plaintiff, his own statement must be accepted as the fact, and becomes conclusive against him. *Fowler* v. *Coal Co.*, 52 Pac. 596.

The rule is that the plaintiff must show that the master either knew or ought to have known of the defect. 2 Bailey Per. Inj. relating to M. & S., Secs. 2621, 2647; *R. R. Co.* v. *Allen*, 78 Ala. 494.

*Messrs. King, Burton & King, James A. Williams, Esq.*, and *Grant C. Bagley, Esq.*, for respondent.

It makes no difference that there might have been a conflict in the evidence; it was reasonable for the jury to reach the conclusions it did reach in finding for the plaintiff, and their findings will not be disturbed. *Mangum* v. *Bullion-Beck & C. M. Co.*, 15 Utah, 534; *Mader* v. *Taylor, Romney, Armstrong Co.*, 15 Utah, 161; *Nelson* v. *Southern Pac. Ry. Co.*, 15 Utah, 325; *Anderson* v. *Daly Min. Co.*, 49 Pac. 126 (Utah); *Cunningham* v. *U. P. Ry. Co.*, 4 Utah, 206.

It is unfair to the lower court and unfair to the respondent to make (such) a general exception to the whole charge covering a page, without even pointing out in any manner wherein it was objectionable. This court has repeatedly held that such an objection would not be considered. *Lowe* v. *Salt Lake City*, 13 Utah, 91; *Ruffatti* v. *Mining Co.*, 10 Utah, 386; *Wilson* v. *Sioux Cons. Mining Co.*, 52 Pac. 628.

BARTCH, C. J.

This action was brought by the plaintiff to recover damages for personal injuries alleged to have been received by him through the negligence of the defendant. At the trial the jury rendered a verdict in favor of the plaintiff for $7,000. Upon judgment being entered for that sum, the defendant appealed to this court.

It appears that the main ground upon which the plaintiff relies for a recovery is negligence of the defendant in employing fellow servants who, it is alleged, were incompetent, and whose act, it is claimed, caused the injury of which complaint is made. The appellant contends that the evidence is insufficient to support a recovery on that ground, and the real question here presented is, therefore, whether there is evidence to support the judgment, for, if there is, then we are powerless to determine whether such evidence preponderates. That, in a case at law, we have no right to determine whether a judgment is supported by the preponderance of the evidence is no longer an open question in this court. There is testimony in the record which shows substantially that the accident, which caused the injury complained of, occurred in a cross-cut in the appellant's mine while the plaintiff and a co-employé were at work by direction of the acting foreman of the mine; that among the duties of these employés, as miners, were those of drilling holes into the rock and by means of explosives break down the rock and other material; and that while they were engaged in drilling a hole, the drill struck some unexploded powder which exploded and caused the injury. On the shift previous to the accident two other employés, Arthur Buckner and Charles Carter, had been at work in the same place, and had drilled holes and blasted rock. It is admitted Buckner was incompetent and unskilled as a miner, and, while there is some evidence to show that Carter knew more

about drilling and blasting than Buckner, still he was known as an ore sorter rather than a miner. On this point the witness Robbins, a miner of experience, testified:

"The shift before the explosion I was in the drift or cross-cut, I saw Charlie Carter and Arthur Buckner and they were drilling when I went in. I struck a few licks on the drill. They were drilling in the left hand corner. * * * Where they were drilling was down in the left hand corner about a foot and over from the face and about ten inches from the side. I saw Charlie Carter with powder in his hand, drawing it backwards and forwards over the flame of a candle. It was giant powder. I turned round and saw Carter and I said: 'You damn fool, you will be blowing somebody up yet.' and broke and ran out of the drift. * * * I have had experience in driving drifts and cross-cuts and shooting powder and so on, and doing mining work proper. The hole they were drilling was not such a hole as miners would drill. A miner would drive a hole to break the ground. They were driving it so I thought it would just blow off the breast of the hole—I mean by that the top. That would leave the bottom of the hole unbroken and the ground around it."

The witness Roberts, Jr., testifying for the defendant, on cross-examination, said that he did not mean to testify that Carter was a competent, skillful miner, but that Carter knew how to handle giant powder, and further testified that a man might know how to "handle a piece of giant powder and yet not know how to properly drill a hole and properly tamp it and properly place powder in with a view to having it all exploded," and that "a man may leave a hole so that the top of the hole will blow off and leave the bottom not exploded."

There was also evidence showing that it was dangerous

to put frozen powder into a hole with powder not frozen, since the frozen powder might or might not explode; that the powder would freeze in an hour or two in the mine; that near the end of their shift Carter and Buckner fired the last holes drilled by them, and that on the next shift the injury, complained of herein occurred by drilling into unexploded powder. The evidence also tends to show that the defendant was aware of the incompetency of Carter and Buckner.

Although there is other testimony of similar import in the record, further reference thereto in detail is deemed unnecessary. We cannot say that there is no proof to sustain the judgment, nor that the jury were not warranted in finding, as they must have found, that the appellant was guilty of negligence in employing incompetent fellow-servants, and that the want of skill of such servants was known to their employer and was the proximate cause of the injury.

From the circumstances detailed by the witness Robbins, the jury might conclude that Carter and Buckner, who were shown to be incompetent as miners, had drilled and loaded the hole, which contained the unexploded powder and was drilled into by the plaintiff and his colaborer, in such an unskillful manner that when fired only the top of it blew off, leaving powder in the bottom of the hole unexploded, or that the accident resulted from the unskillful use of frozen powder with powder not frozen. Whatever may have been the reasons which actuated the jury in arriving at their conclusion, or the process by which they arrived at it, the evidence is such that we cannot disturb their verdict on the ground that the proof is insufficient to support a recovery for the negligence of the defendant in employing fellow-servants.

The fact that some of the testimony above referred to

is rebutted by other testimony can make no difference, since, as we have seen, in a case like this, where there is a conflict of evidence, we have no power to substitute our judgment upon the proof for that of the jury.

The appellant also complained of that portion of the charge of the court to the jury which, it is maintained, is contained in plaintiff's request numbered 2, and the contention is that the court attempted to substitute itself for the jury, by assuming and determining facts which should have been submitted to the jury for determination. To this we must reply that however meritorious the objection to that portion of the charge may be, we are precluded from considering it, because no specific exception was taken to the objectionable matter at the time of the rendition of the charge, nor the court's attention called thereto so as to afford an opportunity to correct any inadvertance into which it may have fallen without subjecting the parties to the expense of another trial. The paragraph in question consists of a whole page of printed matter, stating a number of propositions, upon which a recovery depended, and the only exception thereto appearing in the record is, as follows: "The defendant duly excepts to that part of the charge containing plaintiff's request numbered 2." Similar exceptions were taken to numerous other portions of the charge, in no one of which was any objectionable matter pointed out. This court has frequently held that such wholesale exceptions cannot be of avail on appeal, unless the whole charge or instruction is incorrect. *Marks* v. *Thompson*, 7 Utah; 425; *People* v. *Hart*, 10 Utah, 204; *Ruffatti* v. *Lexington Min. Co.*, *Id.* 386; *People* v. *Berlin*, *Id.* 41; *Lowe* v. *Salt Lake City*, 13 Utah, 91; *Wilson* v. *Sioux Consolidated Min. Co.*, 52 Pac. Rep. 626; s. c. 16 Utah 392.

The exceptions to the admission of evidence we do not

think are well taken.   Nor do we think any other question presented is of such importance as to require separate discussion.   There appears to be no reversible error in the record.   The judgment is affirmed with costs.

BASKIN, J. and NORRELL, District Judge, concur.