FOLEY *v.* DETROIT & MACKINAC RAILWAY CO.

1. CARRIERS— RAILROADS — EVIDENCE — PERSONAL INJURIES — NEGLIGENCE—BOARDING TRAIN.

Where plaintiff brought an action against defendant railway company for injuries sustained by him in attempting to board the train, after alighting at what he supposed was his destination, the evidence which was held in a previous opinion in the same cause to have presented a question of fact upon the issue of negligence, was, on the second trial, properly left to the jury: the first decision was rightly treated as the law of the case, at the retrial.

2. EVIDENCE—MATERIALITY—TRIAL—CROSS-EXAMINATION.

The question asked of plaintiff, on cross-examination, whether any one depended on him for support, was not material and was properly excluded, since his damages were not in any way affected by his family requirements, or necessities.

3. SAME—NEGLIGENCE—PROPER CROSS-EXAMINATION.

After testifying that, from examination of plaintiff after the accident, he was of the opinion that he had been drinking, the physician, who was a witness for defendant, was rightly prevented from answering the interrogatory whether he had stated that the plaintiff had told him that he had been drinking, on objection to the form of the question, when counsel was not prevented from showing the extent to which plaintiff's condition might have been due to the use of intoxicants.

4. DAMAGES — CHARGE — RAILROADS — NEGLIGENCE — CARRIER AND
   PASSENGER.

   The trial court did not err in charging the jury, in a suit
   brought by a passenger who was injured in attempting
   to board defendant's train, that it was the duty of the
   jury to allow plaintiff such sum as would compensate
   plaintiff for his injuries, limited or defined by a detailed
   statement of the different elements to be considered, and
   was not too broad or comprehensive.

5. RAILROADS—PERSONAL INJURIES—INSTRUCTIONS.

   In a personal injury case against a carrier for negligence
   in failing to allow sufficient time for boarding a train,
   the court was not in error in charging that the jury might
   consider the interest of the witnesses of the parties, their
   bias, prejudices, etc., as it is always proper to consider
   the interest or bias that any witness might have.

Error to Arenac; Sharpe, J. Submitted January 6,
1916. (Docket No. 55.) Decided September 27, 1916.

Case by David E. Foley against the Detroit & Mack-
inac Railway Company for personal injuries. Judg-
ment for plaintiff. Defendant brings error. Affirmed.

*Henry, Henry & Henry* (*James McNamara,* of coun-
sel), for appellant.

*Defoe, Hall & Converse,* for appellee.

BIRD, J. Plaintiff is a resident of Toledo, Ohio. On
the 8th day of July, 1912, he left Toledo to go to
Turner, a village situate on defendant's line. Either
through his own or the defendant's error, he alighted
at Twining, a station three miles south of Turner.
When he discovered the error, he attempted to board
the train again, and in so doing the train started while
he was on the first step. He was carrying a suit case,
and it became fast or fouled in the hand rails in such a
way that he could get no further. In trying to extri-
cate it he lost his balance, and fell from the train and

was injured. Defendant was charged with negligence in failing to give him a reasonable time to reach a place of safety before starting the train. A judgment was awarded him by the jury, and defendant has assigned error.

For a more detailed statement of the case, see former opinion of this court, 179 Mich. 586 (146 N. W. 186). .

1. Upon the former review of this case, it was contended that the plaintiff had failed to establish the negligence of the defendant, and that the trial court was in error in refusing to direct a verdict for the defendant. The question was discussed at some length in the opinion of Mr. Justice STEERE, and it was held, in effect, that the testimony made the question of defendant's negligence one of fact for the jury. It is asserted by plaintiff's counsel, and does not appear to be denied by opposing counsel, that the testimony on the material questions of the case was substantially the same on the second trial as on the first. If this be so, there is no occasion to reconsider the question of the defendant's negligence as shown by this record. It is sufficient to say that we are still of the opinion that the trial court was in no error in considering the question as one of fact for the jury.

2. The plaintiff upon cross-examination was asked the following question:

"*Q.* Mr. Foley, at the present time is there any one dependent upon you for support?"

The question was excluded because not material. Counsel say in support of its materiality that:

"Whether a man worked or refrained from working, whether he earned a certain amount, or a less amount, might depend upon whether or not he was supporting a wife or children."

The ruling was correct. If it were otherwise, the amount of damages recoverable in such cases would

depend, in some measure, upon the injured man's necessities.

Dr. Tupper, a witness for the defendant, testified on redirect examination that from his examination of the plaintiff after the accident he was of the opinion that he had been drinking prior to the day of the accident. The doctor was then asked:

"*Q.* And you also said that Mr. Foley told you he had been; is that true?"

Exception was taken to the form of the question, and it was excluded, and we think properly so. Counsel was not prevented from showing the extent to which the plaintiff's condition might have been due to his indulgence in intoxicating liquors.

3. While instructing the jury on the question of damages, the trial court made use of the following language:

"If you will just bear that in mind. I cannot better express it than to say it is your duty, if you find for the plaintiff, to allow such sum as will make him good; compensate him for the injury he has sustained."

The specific objection to this part of the charge is that it was "too broad and comprehensive." Following the language above quoted, the court proceeded to explain to the jury in detail what he meant by allowing the plaintiff such sum as would make him good. The following quotation will illustrate the way he explained it:

"Now, what he has been compelled to pay out for doctors, nursing, medicines, and hospital bills, you see, that is something that you must allow him to make good. Then whatever he has lost in services you must make good to him," etc.

The court then enumerated the different elements which the jury were entitled to consider in reaching their conclusion on the question of damages. The

charge on that phase of the case was a very clear statement of the law, and was without error.

4. The jury were further instructed that:

"A number of witnesses have been called, and you must consider all of the testimony submitted to you. Consider the interest of the witnesses, their bias or prejudices, and apply all of those little tests and earmarks which occur to you to determine what the truth of the matter is."

In making their objection to this part of the charge, counsel say:

"This is an action by a laboring man against a railroad corporation. On the trial of this case the crew on the train in question were called as witnesses. Some testimony was given bearing upon the relation of the witnesses to the defendant railway company. We feel that the court was not justified in the use of the language above quoted, and it is our position that nothing occurred throughout the trial of this cause to justify the court in his charge to the jury, in telling them to consider the interest of the witnesses, their bias or prejudices, and apply all of these little tests and earmarks."

The charge was proper. The instruction applied to all of the witnesses sworn in the case. The interest or bias a witness may have is always a subject of inquiry (*Geary* v. *People,* 22 Mich. 220; *Swift Electric Light Co.* v. *Grant,* 90 Mich. 475 [51 N. W. 539]), and must be considered if the truth is to be arrived at. No reason is apparent why the application of the rule should not be made in testing the truthfulness of the testimony of railway employees as well as of other witnesses.

We are of the opinion that the assignments are not well taken. The judgment will be affirmed, with costs to the plaintiff.

STONE, C. J., and KUHN, OSTRANDER, MOORE, STEERE, BROOKE, and PERSON, JJ., concurred.